STATE, *ex rel.* KELLY GREESON v. ABEL J. ROBERTS, as Chief of Police of the City of Jacksonville.

170 So. 457.

Opinion Filed November 2, 1936.

*Nathan J. Roberts,* for Petitioner;

*Austin Miller* and *Gov Hutchinson,* for Respondent.

*H. M. Wise, B. K. Roberts* and *William K. Whitfield* (of Tallahassee) as *Amici Curiae.*

TERRELL, J.—Petitioner was taken in custody by the City of Jacksonville for refusing to pay a license tax of $100.00 for operating a coin operated device as prescribed by Section Two of Ordinance Number X-90, effective October 14, 1936. He seeks relief by habeas corpus.

The question we are called on to resolve is whether Chapter 17257, Acts of 1935, is the exclusive law of this state on the subject of licensing slot machines and coin operated devices, or may the City of Jacksonville impose a license tax on them independent of the state law on the subject.

The respondent contends that under the provisions of Section 1, Chapter 5065, Special Acts of 1901, it has the power to tax slot machines independent of Chapter 17257, Acts of 1935, and relies on Canova v. Williams, 41 Fla. 509, 27 So. 30, and like decisions, to support this contention.

We have read Canova v. Williams and other decisions relied on. We have also read Section Two of Ordinance Number X-90 of the City of Jacksonville imposing a license tax on slot machines and we have read with interest the review of the general revenue laws and the decisions of this Court construing them, submitted in support of respondent's contention, but in our view Chapter 17257, Acts of 1935, is now the sole and exclusive law on the subject.

Chapter 17257, Acts of 1935, is the latest expression of the Legislature on the subject of licensing slot machines and coin operated devices, it covers the whole subject matter fully, it defines a different policy from that heretofore in force, it sets out in terms the amounts that may be

imposed as license taxes by the state, county, and municipality, and its provisions are such as to expressly repeal every other law on the subject. State, *ex rel.* Bradford, v Stoutamire, 98 Fla. 486, 123 So. 834, and cases therein cited; State, *ex rel.* Baker, v. McCarthy, 122 Fla. 749, 166 So. 280.

The administration of the Act is placed in the hands of the Comptroller and we find nothing in its provisions that expressly or impliedly authorizes municipalities to impose a tax independently of that imposed by the state. It is well settled that implied powers in conflict with express ones will not be granted. Reasonable doubt as to municipal power must be resolved against the city. Malone v. City of Quincy, 66 Fla. 52, 62 So. 922.

It follows that the power contended for by the respondent is without support so the petitioner should be discharged.

It is so ordered.

WHITFIELD, C. J., and BROWN and BUFORD, J. J., concur.