**TOWN OF HALLANDALE, a municipal corporation of Florida, v. BROWARD COUNTY KENNEL CLUB, INC., a Florida corporation.**

10 So. (2nd) 810                                June Term, 1942
October 23, 1942                                      En Banc
On Rehearing November 29, 1942

*Hull, Landis & Whitehair, Francis P. Whitehair, J. Compton French, John L. Graham* and *Miller & Fitzsimmons,* for petitioner.

*C. H. Landefeld, Jr., Ausley, Collins & Ausley,* for respondent.

WHITFIELD, J.:

The legislative charter of the Town of Hallandale is Chapter 12791, Laws of Florida, Special Acts of 1927. Article VII, Section 1, of this Chapter provides:

"The Council shall within the limitation of this Act have the power by ordinance or resolution as follows:

"First: To levy and collect taxes upon all property, privileges and professions. . . .

"Fourteenth: To regulate and license any theatrical or other exhibition, show, circus, parade, athletic or other amusement; and to license and tax any other business, occupation or profession without regard to the amount of State license tax, and without regard to whether the State shall license the same or not."

Chapter 14832, Acts of 1931, is "An Act to Provide for a State Racing Commission, to Prescribe its Powers and Duties, and to Fix the Compensation of its Members; to Provide for Holding Referendum and Recall Elections in any County to Determine Whether Racing Shall be Permitted or Continued Therein; to Provide for Licensing and Taxing Such Racing and Apportioning the Moneys Derived Therefrom Among the Several Counties of the State; to Provide for and Regulate the Making of Pari Mutuel Pools Within the Enclosure of Licensed Race Tracks; Providing Certain Penalties for the Violation of this Act, and for Other Purposes Relating Thereto."

The Act contains the following:

"Section 10. The tax herein imposed shall be in lieu of all license, excise or occupational taxes to the State of Florida or any County, City, Town or other political sub-

division thereof, except that when any race meeting is held or conducted in any incorporated City or Town that such City or Town shall have the right to assess and collect an additional tax against any person, firm, association or corporation conducting racing within its corporate limits not to exceed $150.00 per day for horse racing and not to exceed $50.00 per day for dog racing.

"Section 23. All laws and parts of laws inconsistent with any of the provisions of this Act are hereby expressly declared not to apply to any person or corporation participating or engaged in racing or making or contributing to pools thereon as authorized by and conducted under this Act."

Chapter 14832, Acts of 1931, was intended to cover the subject of regulation, licensing and excise taxation of the operation of race tracks in Florida, and prescribes one rule of excise taxation for the operation of race tracks throughout the State. Provisions in the Act relating to municipal excise taxation and to the allocation to the counties of the taxes collected are a part of, or matters properly connected with, the general subject of the enactment as expressed in the title of the Act.

Section 10 of the Act is germane to, and not in any way repugnant to, or divergent from, the subject expressed in the title of the Act. The reference in Section 10 to municipal excise taxation is a relevant and appropriate uniform limitation upon race track operation taxation and a component part of the subject of the statute. The provision as to the allocation or distribution to counties of taxes collected does not refer to municipal taxation because no municipal taxes are collected except by municipalities.

The statute defines a State policy for uniformly regulating, licensing and excise taxing the operation of race tracks throughout this State; and it is intended, in order to have one rule on the subject regulated, to supersede or modify the authority of municipalities to impose excise taxes upon such operations as an integral part of the regulation and taxation of such race track operations throughout this State. This is clearly within the sovereign legislative power and province under the Constitution of Florida. See Sec. 8, Art. VIII.

The taxing authority conferred by a local law upon a municipality prevails over a general law on the same subject when the statutes are *merely inconsistent* with each other and no intent appears to supersede or to repeal prior statutory provisions on the same subject. See Sec. 24, Art. III, of the Constitution. Ferguson v. McDonald, 66 Fla. 494, 663 So. 915; City of Lake Alfred, 102 Fla. 84, 135 So. 895; Quigg v. State, 145 Fla. 431, 199 So. 489. But when a subsequent general law establishes a State policy with reference to excise taxation of a subject of specific State regulation, and the general law shows an intent to limit all excise taxation throughout the State as a part of the State uniform regulations of the particular subject, the limitations of such general law relating to municipal excise taxation of the subject will prevail over a prior local law relating to municipal excise taxation, so as to have only one rule of excise taxation of the subject regulated by the general law to effectuate the legislative power and intent under Section 8, Article VIII of the Constitution, relating to municipalities. See State ex rel. v. Sholtz, 125 Fla. 361, 169 So. 849; State ex rel. v. Stoutamire, 98 Fla. 486 text 492, 123 So. 824; Langston v. Lunsford, 122 Fla. 813, 165 So. 898.

In Sanders v. Howell, 73 Fla. 563, 74 So. 802, the later general Act contained no repealing clause and it was held that Section 24, Article III, of the Constitution required in that case a construction that the inconsistent prior local law was not superseded by the later general law, no such legislative intent to supersede being shown in the later general Act with no repealing clause.

In this case the later general Act shows by its provisions that they were intended to cover the entire subject regulated and to prevail throughout the State wherever a race track is operated, so as to have only one rule in the State for municipal excise taxation of the operation of race tracks, and Section 23 of the Act here considered contains the following:

"All laws and parts of laws inconsistent with any of the provisions of this Act are hereby expressly declared not to apply to any person or corporation participating or engaged in racing or making or contributing to pools therein as au-

thorized by and conducted under this Act." See State v. Roberts, 126 Fla. 114, 170 So. 457; City of Orlando v. Gill, 128 Fla. 139, 174 So. 224; Langston v. Lunsford, 122 Fla. 813, 165 So. 898; American Baking Co. v. City of Haines City, 131 Fla. 790, 180 So. 524; Tamiami Trail Tours Inc. v. Lee, Comptroller, 142 Fla. 68, 194 So. 305.

Section 10, Chapter 14832, Acts of 1931, is not only inconsistent with the quoted portions of Chapter 12791, Special Acts of 1927, but it is germane to and in harmony with the title and other provisions of Chapter 14832, which clearly show a legislative intent to supersede other existing repugnant and irreconcilable local statutory provisions on the subject regulated, therefore the construction required by Section 24, Article III, of the Constitution is not applicable here as it was in Sanders v. Howell, 73 Fla. 563, 74 So. 802; State v. Sanders, 79 Fla. 835, 85 So. 333; Turner v. State, 135 Fla. 380, 185 So. 831, and other similar cases.

An intended purpose and a valid legal effect of Section 10, Chapter 14832, Acts of 1931, is to limit municipal excise taxation as a component part of the regulation, licensing and excise taxation of the operation of race tracks throughout the State. Such legislative intent is not in conflict with, but accords with, the provisions and intendments of Section 8, Article VIII, and Section 5, Article IX, of the Constitution.

"Government is instituted for the protection, security and benefit of the citizens and they have the right to alter or amend the same whenever the public good may require it." Sec. 2. Decl. Rts. Fla. Constitution.

The title of Chapter 14832, Acts of 1931, is not misleading as to any part of Section 10 of the statute; and such Section is not incongruous or unrelated to the subject expressed in the title and does not violate Section 16, Article III, of the Constitution. See State v. Terry, 81 Fla. 625, 88 So. 477; Hiers v. Mitchell, 95 Fla. 345, 116 So. 81; In re Sherman's Estate, 136 Fla. 643, 1 So. (2nd) 727; Rosenbaum v. Spitler, 146 Fla. 643, 1 So. (2nd) 858.

Section 550.11, Florida Statutes, 1941, is a re-enactment of Section 10, Chapter 14832, Acts of 1931, and the title of the

original Chapter is no longer material to the validity of the re-enactment.

Certiorari should be denied.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

ON PETITION FOR REHEARING

PER CURIAM:

Neither the opinion nor the order rendered herein adjudicated the invalidity of the city ordinance imposing a $35.00 per day license tax upon the operation of a licensed dog track. Section 10 of Chapter 14832, Acts of 1931, expressly provides that such a license tax not exceeding $50.00 per day may be imposed by a city or town for dog racing in its corporate limits. Partial rehearing denied.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

PER CURIAM:

On further application for clarification we hold that the municipality may lawfully assess a license tax up to $50.00 per day without reference to anything except the statute which limits the amount of the tax to $50.00 per day. Therefore, we hold that the fixing of the license tax at $35.00 per day is valid without any question of reasonableness of the tax so imposed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

SEBRING, J., not participating.