### TOWN OF HALLANDALE, a municipal corporation of Florida, v. BROWARD COUNTY KENNEL CLUB, a Florida corporation.

14 So. (2nd) 397                                    June Term, 1943
July 9, 1943                                        Special Division B

*Hull, Landis, Graham & French, J. Lewis Hall, Miller & Fitzsimmons, J. Compton French* and *John L. Graham,* for appellant.

*C. H. Landefeld, Jr.,* and *Ausley, Collins & Ausley,* for appellee.

TERRELL, J.:

The town of Hallandale enacted ordinance Number 116 imposing a license tax of five cents per admission on all operators of dog racing tracks. It also enacted at the same meeting ordinance number 117 imposing a license tax of $35 per day on all operators of dog racing tracks. Broward County Kennel Club brought suit to restrain the enforcement of either ordinance as to it.

A motion to dismiss the amended bill of complaint was overruled. On certiorari to this Court, we held in effect that the town might lawfully impose a license tax of $50 per day without reference to anything but the statute (Section 10, Chapter 14832, Acts of 1931) which limits the tax to that amount. We accordingly held the tax of $35 per day valid without reference to reasonableness. Town of Hallandale v. Broward County Kennel Club, Inc., 152 Fla. 266, 10 So. (2nd) 810.

Pursuant to this holding, the cause came on for final hearing in the circuit court and the chancellor entered a final decree permanently enjoining the tax of five cents per admission imposed by ordinance 117. This appeal is from that part of the final decree granting an unlimited injunction against the enforcement of Ordinance 116.

It is contended that since Chapter 14832, Acts of 1931, permits the imposition of a tax up to $50 per day and Ordinance 116 only imposed a tax of $35 per day the enforcement of Ordinance 116 should not have been restrained before it produced the maximum allowed.

Inspection of the ordinance discloses that it prescribes a flat tax of five cents on every admission so the amount collected will depend entirely on the number of admissions. It also provides that the tax shall be and is in addition to and in lieu of any other tax provided by Section 10, Chapter 14832, Acts of 1931. It is shown by the record that it is proposed to collect a tax of $35 per day under Ordinance 117 and an additional tax of five cents per admission under Ordinance 116 regardless of the amount. The latter tax may amount to many times the daily license tax and thus exceed the allowable amount.

The judgment appealed from is therefore affirmed.

Affirmed.

BUFORD, C. J., BROWN and ADAMS, JJ., concur.