48 So.2d 291 (1950)
CITY OF ST. PETERSBURG
v.
SIEBOLD et al.
Supreme Court of Florida, en Banc.
October 24, 1950.
Lewis T. Wray, Harry I. Young, Frank D. McDevitt and Adrian S. Bacon, St. Petersburg, for appellant.
Thomas V. Kiernan, St. Petersburg, for appellees.
CHAPMAN, Justice.
The present Charter of the City of St. Petersburg is Chapter 15505, Special Acts of 1931, Laws of Florida. Pertinent here is Section 3, viz.: "* * * the City of St. Petersburg shall have power * * * (c) To impose license taxes upon privileges, businesses, occupations and professions carried on and engaged in within the City (St. Petersburg); and the amount of such taxes shall not be dependent upon the general State revenue law." Pursuant to the above charter power, the City of St. Petersburg, on August 19, 1948, enacted Ordinance No. 1103B amending Section 199 of Chapter 19, Revised Ordinances of the City of St. Petersburg 1946, inter alia, to the effect that the annual occupational license tax for dispensing Opticians was the sum of $50.00 per annum.
The title to Chapter 25255, Acts of 1949, Laws of Florida, F.S.A. § 484.01 et seq., is viz.: "An Act Creating a Board to be Known as the State Board of Dispensing Opticians; Providing (sic) a Method for the Appointment of the Members of Said Board; Defining the Trade or Occupation of Dispensing Opticians; Providing for *292 the Examination and Regulation of Dispensing Opticians and Placing All Dispensing Opticians Under the Jurisdiction of the State Board of Dispensing Opticians; Providing for License Tax on Persons, Partnerships or Corporations Engaging in Such Trade or Occupation; Prohibiting the Sale of Eye-glasses, Spectacles, Artificial Eyes, Lenses, Contact Lenses and Optical Devices, Except as Provided for by This Act; Providing for the Licensing of Dispensing Opticians Having a License to Practice at the Time This Act Becomes a Law; Providing the Manner of Enforcing the Provisions of this Act: Fixing the Penalties for the Violation of the Terms and Provisions Thereof, Defining the Jurisdiction of Said Board of Dispensing Opticians; Repealing Chapter 21769, Laws of Florida, Acts of 1943, and All Laws or Parts of Laws in Conflict Herewith and Providing for the Effective Date of This Act."
Pertinent to a decision of this controversy is the following language of Section 11 of Chapter 25255, F.S.A. § 484.10: "* * * Any person, partnership or corporation, engaged in the trade or occupation of dispensing optician shall pay an occupational license tax of Ten Dollars ($10.00) per year for the privilege of engaging in such trade or occupation, said license tax to be paid in accordance with the laws regulating the payment of other occupational taxes. Said $10.00 license tax shall be paid for State license; County and Municipal taxes shall be in a sum as now required by law, not to exceed Five Dollars ($5.00) each per year. Any Dispensing Optician whose license is suspended or revoked under the provisions of this Act shall have the right of appeal de novo to the Circuit Court of the county in which such dispensing Optician resides or has his place of business, provided such appeal shall be taken within sixty (60) days after entry of order of suspension or revocation."
The plaintiffs-appellees filed their bill of complaint in the Circuit Court of Pinellas County against the City of St. Petersburg and prayed for a declaratory decree on the question as to whether the plaintiffs-appellees should pay to the City of St. Petersburg a license fee in the sum of $50.00, as prescribed by its ordinance, or the sum of $5.00, as prescribed by the above quoted provisions of Section 11 of Chapter 25255, Acts of 1949. An answer was filed to the bill of complaint by the City of St. Petersburg and the controversy was heard by the Chancellor on bill and answer, as the only issue presented was a question of law. It was the Chancellor's conclusion that the quoted portions, supra, of Section 11 were controlling and not the ordinance of the City of St. Petersburg. The City of St. Petersburg appealed.
Section 13 of Chapter 25255, Acts of 1949, F.S.A. § 484.01 note, is viz.: "Chapter 21769, Laws of Florida, Acts of 1943, including the title and sub-sections (1), (2) and (3), is hereby specifically repealed; all laws or parts of laws otherwise in conflict herewith are hereby likewise repealed". Section 11 of Chapter 25255, supra, in part provides: "County and Municipal taxes (of dispensing Opticians) shall be in a sum as now required by law, not to exceed Five Dollars ($5.00) each per year". The ordinance of the City of St. Petersburg imposed a license of $50.00 per year and was enacted under Section 3(c), which granted the power to the city "to impose license taxes upon privileges, businesses, occupations and professions carried on and engaged in within the City". The controlling question here is: Did Chapter 25255, Acts of 1949, repeal Section 3(c) of Chapter 15505, Special Acts of 1931, in its application to the plaintiffs-appellees?
It is contended that the ruling of the lower Court is sustained by our rulings in the following cases: Langston v. Lundsford, 122 Fla. 813, 165 So. 898; State ex rel. Greeson v. Roberts, 126 Fla. 114, 170 So. 457; City of Orlando v. Gill, 128 Fla. 139, 174 So. 224; American Bakeries Co. v. City of Haines City, 131 Fla. 790, 180 So. 524; Town of Hallandale v. Broward-County Kennel Club, 152 Fla. 266, 10 So.2d 810. The rule of construction is viz.: A general Act may operate to repeal repugnant local or special laws, though containing no general repealing clause, where the Legislature intended to repeal all conflicting local or special laws, is made plain by *293 the terms and purposes of the general Act. A general act covering the whole subject-matter of, and evidently intended as a revision of or substitute for, earlier general Act, though containing no express words to that effect, repeals earlier Act to that extent, though latter contains no express repealing clause, and covers a broader field than the earlier Act. One of the fundamental rules of construction is that the legislative intent must be ascertained and effectuated.
The Legislature, by the enactment of Chapter 25255, intended a revision of the subject-matter of the trade or occupation of "dispensing Opticians" as previously covered by its earlier Act of Chapter 21769, Laws of Florida, Acts of 1943. Chapter 25255, Acts of 1949, as clearly appears both in the title and body of the Act, intended to repeal Chapter 21769, Acts of 1943. In the title the language employed is: "Repealing Chapter 21769, Laws of Florida, Acts of 1943 * * *." In the body of the Act, Section 13, in part, provides: "Chapter 21769, Laws of Florida, Acts of 1943 including the title and sub-sections (1) (2) and (3), is hereby specifically repealed * * *." We therefore conclude that the Legislature intended to repeal Chapter 21769, Acts of 1943, as shown by the language employed in the title and body of Chapter 25255, Acts of 1949. We now pass to the consideration of the remaining language of the repealing clause, towit: "all laws or parts of laws otherwise in conflict herewith are hereby likewise repealed."
As above pointed out, one of the fundamental rules in statutory construction is that the intent of the Act should be ascertained by the courts and effectuated. In the title of Chapter 25255 is the following pertinent language: "Repealing Chapter 21769, Laws of Florida, Acts of 1943, and All Laws or Parts of Laws in Conflict Herewith". In the body of the Act, in Section 13, is the following pertinent language: "all laws or parts of laws otherwise in conflict herewith are hereby likewise repealed". Section 11 of Chapter 25255 fixes the amount of the occupational license taxes to be paid by "dispensing Opticians" engaged in said trade or occupation at the sum of $10.00 to the State of Florida, and county and municipal taxes in the sum of $5.00 each per annum. An ordinance of the City of St. Petersburg fixes the amount of such a license at the sum of $50.00 per annum. The ordinance is authorized by Chapter 15505, Special Acts of 1931. Pertinent here is Section 3(c) thereof viz.: "the City of St. Petersburg shall have the power * * * To impose license taxes upon privileges, businesses, occupations and professions carried on and engaged in within the City". As we study the alleged conflicting language employed in the two Acts, the only conflict is the amount of the license taxes: Shall dispensing Opticians pay to the City of St. Petersburg the sum of $5.00 under Chapter 25255 or pay $50.00 under Chapter 15505?
It is the writer's view that our holding in the case of State ex rel. Holloway v. Keller, as Tax Collector of the City of Tampa, 133 Fla. 335, 182 So. 779, 781, is decisive of this controversy. The City of Tampa enacted an ordinance pursuant to its charter power fixing the amount of a license tax upon persons engaged in the practice of medicine in the City of Tampa at the sum of $60.00. Sections 2 and 10 of Chapter 18011, Acts of 1937, F.S.A. §§ 205.02, 205.52, being a General Act, fixed the amount of the license tax to be paid by persons engaged in the practice of medicine to any county or municipality at the sum of $5.00 per annum. It was contended that the General Act suspended or repealed the charter act of the City of Tampa as to the amount of the license tax. We held against the contention and in part said: "To place upon section 2 of that Act the construction urged by relators would be in effect to repeal or suspend by implication the Charter powers of the various cities and towns and to limit all their license taxes to one-half of the general State license tax, whereas the language of the statute does not clearly indicate any such intention."
In determining whether or not a repeal has been effectuated, the environment, association and character of the statute in its field of operation, the history of previous legislation, the legislative history of the Act, and the nature of the defect *294 sought to be remedied by the enactment are all important factors to be considered by the courts. The courts will not ascribe to the Legislature an intent to create absurd or harsh consequences, and so an interpretation avoiding absurdity is always preferred. See Sutherland on Statutory Construction, Vol. 1 (3rd Ed.) 454-5, par. 2007. Where two or more interpretations can reasonably be given a statute, the one that will sustain its validity should be given and not the one that will destroy the purpose of the statute. Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641. We are not clearly convinced that it was the legislative intent to repeal or suspend the charter power of the City of St. Petersburg and deprive it of the power by appropriate ordinance to impose license taxes upon privileges, occupations and professions carried on in the City of St. Petersburg. A more reasonable construction to be placed on the repealing clause would be to hold that the repealing clause referred to the subject-matter of Chapter 25255 and not the revenue producing authority defined in Section 3 of Chapter 15505, Special Acts of 1931, thus a clear field of operation may be given to each Act of the Legislature.
The decree appealed from is reversed with directions for the entry of a final decree not inconsistent with the views herein expressed.
It is so ordered.
ADAMS, C.J., and TERRELL, SEBRING and ROBERTS, JJ., concur.
THOMAS and HOBSON, JJ., not participating.