REED, Judge.
The City Commission of the City of Fort Lauderdale on 2 September 1969 adopted a resolution declaring a situation of grave public danger and emergency to exist within a section of the City by reason of rioting. Immediately thereafter the mayor of the City issued a proclamation pursuant to the powers vested in him under Section 57(e) of the Charter of the City of Fort Lauderdale, Chapter 57-1322, Laws of Florida, 1957. The proclamation established a curfew between the hours of 8:00 p. m. and 5 :00 a. m. in the area of the City affected by the riot and further provided that anyone violating the curfew would be subject to imprisonment for ninety days or a fine of $500.00 or both, as imposed by the Municipal Court of the City.
Section 57(e) of the charter relied on as authority for the passage of the proclamation provides with respect to the powers of the mayor that:
“He may take command of the Police and govern the City by proclamation, under the direction of the City Commission, during the times of grave public danger or emergency, and the City Commission shall be judge of what constitutes such public danger or emergency.”
The appellee here, William Douglas Patrick, was charged in the Municipal Court of the City of Fort Lauderdale with having violated the proclamation on 3 September 1969. He filed a petition for a writ of prohibition in the Circuit Court for Broward County, Florida, seeking to prohibit his trial before the Municipal Court of the City of Fort Lauderdale. The judge of that court was the respondent below and the appellant here. The circuit court concluded that a writ of prohibition should issue against the Municipal Judge on the ground that he was without jurisdiction to try the appellee for a violation of the may- or’s proclamation. The present appeal is from the judgment of prohibition.
The question presented on this appeal is whether or not Section 57(e) of the *197 charter of the City of Fort Lauderdale conferred authority on the mayor of the City to establish the aforesaid curfew and a penalty for its violation enforceable by the Municipal Court of the City of Fort Lau-derdale. Our conclusion is that such authority is not granted by Section 57(e) of the charter.
Section 21 of the charter (Chapter 57-1322, Laws of Florida, 1957) vests the legislative power of the City in the City Commission. Section 36 of the charter provides :
“ * * * All enactments of a penal nature or providing for the imposition of a penalty for the violation thereof shall be by ordinance. * * * ”
To hold that Section 57(e) of the charter conferred legislative power on the mayor to create an enactment of penal nature would be inconsistent with Sections 21 and 36, supra, of the charter which vest legislative power in the city commission and require that enactments of a penal nature be by ordinance. The proclamation clearly was not an ordinance for the simple reason that the same was not passed by the city commission in the manner required by the charter for the passage of an ordinance. In our opinion a preferable interpretation of Section 57(e) is that it authorizes the mayor to assume personal control and direction over the various departments of the city — such as the police and fire departments — in times of emergency. This interpretation harmonizes Sections 57(e), 21, and 36, supra, and gives each a reasonable effect.
Common sense and history teach of the danger of vesting the police power of the State in a single individual, even in an emergency. Such an intent will not be attributed to the legislature without a more clear expression thereof than may be found in Section 57(e) of the Charter of the City of Fort Lauderdale. Compare City of St. Petersburg v. Siebold, Fla.1950, 48 So.2d 291, 294.
Aside from considerations as to the meaning of Section 57(e), the trial judge must be sustained on an additional ground. The Charter of the City of Fort Lauderdale in Section 128, Ch. 57-1322, Laws of Florida, 1957, specifies the jurisdiction of the Municipal Court as follows:
“ * * * the Municipal Court * * * shall have exclusive original jurisdiction over all proceedings of a criminal nature for the violation of any ordinance of the city. The Municipal Judge shall have power and authority to issue and cause to be served any and all writs, warrants and processes necessary for the prevention and punishment of violations of the ordinances and laws of the City of Fort Lauderdale * * * The Municipal Court shall have power to try persons charged with a violation of a City ordinance within the corporate limits of the City, although arrested by a police officer in hot pursuit outside the City limits. * * * ”
Nothing is provided under Section 128 of the City charter which would authorize the Municipal Court to try a person for a violation of a proclamation issued by the mayor pursuant to Section 57(e) of the charter, supra. Hence, such a trial would exceed the jurisdiction of the court and be subject to prohibition.
Because other cities within this state may have charter provisions similar to Section 57(e) quoted above and may be faced in the future with conditions similar .to those which existed in the City of Fort Lauderdale in September of 1969, it is our belief that this decision passes upon a question of great public interest. Upon receipt of an appropriate application by either party to this appeal, we intend to certify the question to the Supreme Court of Florida.
The judgment appealed from is affirmed.
Affirmed.
WALDEN and McCAIN, JJ., concur.