QUESTION: May a psychiatric aide orally administer prepackaged doses of medication under the supervision of physicians or registered nurses?
SUMMARY: A psychiatric aide may orally administer prepackaged doses of medication where such medication has been premeasured and/or mixed and prescribed by a physician and the aide's function is to merely insure that the medication is taken by the patient or to assist the patient taking medication when such medication cannot be taken by the patient unassisted, provided such auxiliary worker is acting under the adequate supervision of a licensed physician, a licensed dentist, or a registered nurse. It is my understanding that the above question relates solely to oral administration of prepackaged doses of medication that have been premeasured and/or mixed. You have indicated there is no necessity whatsoever for the aide to make any determination as to the amount or type of medication but simply hand it to the patient, making sure the patient takes the medication, or aid the patient in drinking or swallowing said medication. Further, the medication is prescribed by a physician and the particular medication to be administered to a particular patient is placed in a labeled container by a physician or a registered nurse. Chapter 464, F.S., pertains to the Nursing Act. Section 464.22 provides in part: Exceptions. — No provisions of this law shall be construed as prohibiting nursing by friends or members of the family, with or without compensation, or as prohibiting the incidental care of the sick by domestic servants or persons primarily employed as housekeepers as long as they do not practice nursing within the meaning of this chapter, or as prohibiting nursing assistance in the case of an emergency; . . . nor shall it be construed to prohibit the rendition of services by auxiliary workers acting under the adequate supervision of a registered nurse, or licensed physician, or a licensed dentist. . . . (Emphasis supplied.) After careful review of the above statutory language, it appears this section specifically exempts from the provisions of Ch. 464, supra, the rendition of services by auxiliary workers acting under the adequate supervision of a registered nurse, licensed physician, or licensed dentist. Consequently, psychiatric aides would be included within the definition of auxiliary workers under s. 464.22. The term "auxiliary" has been defined as, "helping or aiding; giving support; subsidiary or additional supplementary power." "A Helper or Aide." Texas Pacific Motor Transport Co. v. United States, 87 F. Supp. 107, 112 (N.D.Tex. 1949). Thus, any act performed by auxiliary personnel regarding administering medication or treatment must consist of purely ministerial acts, e.g., assisting patients to take oral medications where the medication cannot be taken by themselves or other similar services, so long as such assistance is not contrary to good medical practice based on the nature of the medication or treatment and is under the adequate supervision of a licensed physician or dentist or registered nurse. It should be noted that services rendered by auxiliary personnel regarding medication or treatment are limited to routine oral medication given under the direction of a licensed physician or dentist. This construction is consistent with an interpretation rendered by the legal staff of the American Medical Association who wrote regarding the professional liability of medical personnel: Often a patient will administer oral medication to himself, if he is able to do so. If a patient is unable to take the oral medicine by himself, he may be assisted in taking such medicine by anyone who is available to render such assistance, except where this would be contrary to good medical practice because of the nature of the medication. This includes a member of the family or a nurse's aide, since no special training is required to enable a person to assist a patient to take oral medication. Where the administration of oral medication is directed by a physician, it is not necessary that it be administered by a registered nurse. [See] 185 A.M.A.J. 789 (1963). In rendering this opinion, I am mindful of s. 464.021(2) and (3), F.S., regarding the practice of professional nursing and the practice of practical nursing, respectively. Since there is no indication the medication to be administered by auxiliary personnel requires "substantial specialized judgment and skill" and is not "based on knowledge and the application of the principles of biological, physical or social science" as required by s. 464.021(2), it does not appear the ministerial acts to be performed by such personnel are included in the definition of "professional nursing." To construe otherwise would require that even the most routine medication or treatment (e.g., aspirin) would be required to be given by a registered nurse. Such a construction would not only place a substantial burden on the professional nurse but would also fail to utilize his or her professional training inasmuch as the nurse would be performing ministerial acts that could be performed by other staff personnel. It is a rule of statutory construction that courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, so an interpretation avoiding absurdity is always preferred, City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950). Nor does the assistance in taking oral medication fall within the "practice of practical nursing" definition (requiring nursing acts in the care of the ill, injured, or infirm under the direction of a licensed physician or a licensed dentist or a registered professional nurse) which does not require the specialized skill, judgment and knowledge required in professional nursing but requires some basic knowledge of nursing care. Section 464.021(3), F.S. Unlike the provisions of s. 464.111(6)(a) and (b), F.S., which requires a practical nurse to have completed a course of nursing in an accredited school or to have completed at least 11/2!mfe!x years in an accredited professional school of nursing, the assistance provided by these auxiliary personnel appears to be merely ministerial in nature requiring no nursing skill and only at the direction and supervision of a licensed physician, a licensed dentist, or a registered nurse.
Therefore, I am of the opinion that a psychiatric aide may orally administer prepackaged doses of medication where such medication has been premeasured and/or mixed and the aide's function is to merely insure that the medication is taken by the patient or to assist the patient in taking medication when such medication cannot be taken by the patient unassisted, provided such auxiliary worker is acting under the adequate supervision of a licensed physician, a licensed dentist, or a registered nurse. Your question is answered in the affirmative.