Mr. Frank C. Adler Dania City Attorney Post Office Box 1708 Dania, Florida 33004
Dear Mr. Adler:
You ask the following question:
May the City of Dania impose a head tax on gate receipts for the Dania Jai Alai fronton?
In sum:
The imposition of a head tax or admissions tax is reserved to the state and the city may not, in the absence of express statutory authorization, impose such a tax on the gate receipts for the Dania Jai Alai fronton.
Prior to 1993, the Florida pari-mutuel statutes were contained in Chs. 550 (dogracing and horseracing) and 551 (jai alai), Fla. Stat. (1993). Each chapter contained a provision preempting the taxation of pari-mutuels to the state with a limited exception for the imposition of municipal occupational license taxes not to exceed a specified amount.[1]
During the December 1992 Special Session, the Florida Legislature revised the state's pari-mutuel laws.[2] Chapter 550, Fla. Stat. (1993), known as the Florida Pari-mutuel Wagering Act,[3] now regulates pari-mutuel wagering and pari-mutuel facilities in the state and authorizes the state to impose certain taxes on such activities.[4]
Section 550.105, Fla. Stat. (1993), provides for the issuance of occupational licenses by the Division of Pari-mutuel Wagering and the imposition of license fees.
Subsection (8) of the statute states:
The tax imposed by this section is in lieu of all license, excise, or occupational taxes to the state or any county, municipality, or other political subdivision, except that, if a race meeting is held or conducted in a municipality, the municipality may assess and collect an additional tax against any person conducting live racing or games within its corporate limits, which tax may not exceed $150 per day for horseracing or $50 per day for dogracing or jai alai. Except as provided in this chapter, a municipality may not assess or collect any additional excise or revenue tax against any person conducting race meetings within the corporate limits of the municipality or against any patron of any such person. (e.s.)
The courts have recognized the preemption of taxation of pari-mutuel admission to the state. The Supreme Court of Florida, in Town of Hallandale v. Broward County Kennel Club,[5] concluded that the state statutes regulating pari-mutuels superseded a municipality's authority to impose an excise tax on the subjects regulated by those statutes. Thus, the Court held a municipal ordinance seeking to impose an admissions tax was invalid.
Section 212.04, Fla. Stat. (1993), which imposes a state tax on admissions, provides that "[n]o municipality of the state shall levy an excise tax on admissions."[6] A municipal tax on the gate receipts would appear to be in the nature of an admissions tax.[7]
In light of the above, I am of the opinion that a municipality is prohibited from imposing such a tax. However, the municipality, in accordance with the provisions of s. 550.105(8), Fla. Stat. (1993), may impose an occupational license tax not to exceed $50 per day on any person conducting a jai alai game.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 551.07, Fla. Stat. (1991), which provided that the tax imposed under that chapter was in lieu of all other license, excise, or occupational taxes to the state or any county, city or political subdivision thereof, except that when a fronton for the exhibition of jai alai or pelota was being operated in a city, the city was authorized to impose an addition tax on the person operating such fronton in an amount not to exceed ten dollars per day for each day the fronton was actually operated. And see, s. 550.11, Fla. Stat. (1991), which provided that the tax imposed by s. 550.10, Fla. Stat. (1991), shall be in lieu of all license, excise or occupational taxes imposed by a local government except that for any race meeting held or conducted in any incorporated city or town, such city or town may assess an occupational tax not to exceed one hundred and fifty dollars.
[2] See, Ch. 92-348, Laws of Florida. And see, s. 550.002(23), Fla. Stat. (1993), which defines "Pari-mutuel facility" for purposes of the chapter to mean "a racetrack, fronton, or other facility used by a permitholder for the conduct of pari-mutuel wagering."
[3] Section 550.001, Fla. Stat. (1993).
[4] See, e.g., s. 550.0951(1), Fla. Stat. (1993) (daily license fee); s. 550.0951(2), Fla. Stat. (1993), (admissions tax); s.550.0951(3), Fla. Stat. (1993) (tax on handle); s. 550.0951(4), Fla. Stat. (1993) (breaks tax). And see, s. 550.09511, Fla. Stat. (1993), which specifically provides for the taxation of jai alai. Cf., s. 7, Art. VII, State Const., which provides:
Taxes upon the operation of pari-mutuel pools may be preempted to the state or allocated in while or in part to the counties. When allocated to the counties, the distribution shall be in equal amounts to the several counties.
[5] 10 So.2d 810 (Fla. 1942); 14 So.2d 397) (Fla. 1943). See also, Griswald v. State ex rel. Barrow, 119 So.2d 428 (Fla. 1st DCA 1960) (right to levy excise tax on admissions reserved to state; while Legislature may authorize municipality to levy such tax, authorization must be clear and explicit).
[6] Section 212.04(2)(b), Fla. Stat. (1993). And see,212.04(2)(c), Fla. Stat. (1993), which provides that the taxes imposed by this section "shall be collected in addition to the admissions tax collected pursuant to s. 550.0951, but the amount collected under s. 550.0951 shall not be subject to taxation under this chapter."
[7] See, s. 212.02(1), Fla. Stat. (1993), defining "admissions" to include:
[T]he net sum of money after deduction of any federal taxes for admitting a person or vehicle or persons to any place of amusement, sport, or recreation or for the privilege of entering or staying in any place of amusement, sport, or recreation, including, but not limited to, theaters, . . . shows . . . games, races, or any place where charge is made by way of sale of tickets, gate charges, . . . entrance fees, or other fees or receipts of anything of value measured on an admission or entrance or length of stay or seat box accommodations in any place where there is any exhibition, amusement, sport, or recreation. . . .