The Honorable John J. McDougall Sheriff, Lee County 14750 Six Mile Cypress Parkway Fort Myers, Florida 33912-4406
Dear Sheriff McDougall:
You ask the following question:
Does section 23.1225(3), Florida Statutes, require the Sheriff to have authorization from the Board of County Commissioners in order to sign a mutual aid agreement?
In sum:
Section 23.1225(3), Florida Statutes, does not require a sheriff to have authorization from the Board of County Commissioners in order to sign a mutual aid agreement.
Part I of Chapter 23, Florida Statutes, authorizes mutual aid plans providing for the coordination of law enforcement planning, operations, and mutual aid. Section 23.1225, Florida Statutes, authorizes: 1) a voluntary cooperative agreement permitting voluntary cooperation and assistance of a routine law enforcement nature, 2) a requested operational assistance agreement for the rendering of assistance in a law enforcement emergency, and 3) a combination of the agreements above.[1] Subsection (3) of the statute provides:
A mutual aid agreement may be entered into by a sheriff or by the mayor or chief executive officer of a municipality or county on behalf of a law enforcement agency, if authorized by the governing body of the municipality or county.
A question has arisen as to whether the phrase "if authorized by the governing body of the municipality or county" applies to the sheriff.
The above language of section 23.1225(3), Florida Statutes, was added in 1992. Prior to that time, section 23.1225 authorized two or more law enforcement agencies to enter into voluntary cooperation agreements or requested operational assistance agreements.[2] A review of the legislative history surrounding the amendment of section 23.1225 in 1992 does not indicate an intent by the Legislature to remove the authority of the sheriff to enter into mutual aid agreements or to require the approval of the governing body. Rather the Senate Staff Analysis and Economic Impact Statement for the bill states that the bill expands the list of officials who can enter into a mutual aid agreement to include the chief officer of a county on behalf of a law enforcement agency in order to encompass charter counties that have abolished the office of sheriff.[3]
Subsection (3) of the statute states that a mutual aid agreement may be entered into by the sheriff or by the mayor or chief executive officer of a municipality or county, if authorized by the governing body of the municipality or county. The use of the preposition "by" before the term "the sheriff" and before the term "the mayor" but not "chief executive officer" would indicate the qualifying clause requiring approval of the governing body of the county or municipality refers to the phrase "by the mayor or chief executive officer."[4] Moreover, the reference to municipality or county in the qualifying clause would appear to parallel the reference to the "mayor or chief executive officer of the municipality or county."
In construing the meaning of a statute, the primary purpose is to give effect to the intent of the Legislature.[5] In determining such intent, the courts will consider the act as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of law already in existence bearing on the subject.[6] Moreover, an examination of the state laws relating to the sheriff generally recognizes the independence of the office regarding the allocation of resources within that office.[7]
Accordingly, until this matter is clarified by the Legislature or the courts, I am of the opinion that section 23.1225(3), Florida Statutes, does not require a sheriff to have authorization from the board of county commissioners in order to sign a mutual aid agreement.[8]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 23.1225(1), Fla. Stat.
[2] Section 23.1225, Fla. Stat. (1991).
[3] Senate Staff Analysis and Economic Statement on CS/SB 1134, dated February 11, 1992.
[4] See generally, Florida State Racing Commission v. Bourquardez,42 So.2d 87 (Fla. 1949) (legislature is presumed to know the meaning of words and rules of grammar; court is advised of legislature's intent by giving the generally accepted construction, not only to phraseology of act but to manner in which it is punctuated).
[5] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950).
[6] See, e.g., State v. Webb, 398 So.2d 820 (Fla. 1981); Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958).
[7] See generally, s. 30.53, Fla. Stat., providing for the independence of the sheriff concerning the purchase of supplies and equipment, selection of personnel and hiring, firing, and setting of salaries of such personnel; s. 274.01(1), Fla. Stat., defining "governmental unit" for purposes of the ownership and disposal of surplus tangible personal property to include the sheriff.
[8] This office has been advised that the Florida Department of Law Enforcement has also concluded that sheriffs are not required to obtain the permission of the county commission in order to enter into such mutual aid agreements.