Mr. Bruce R. Conroy Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You have asked for my opinion on substantially the following question:
Does section 112.0801, Florida Statutes, require a municipality to allow open enrollment for retirees' dependents who were not participating in the insurance plan at the employee's time of retirement?
In sum:
The provisions of section 112.0801, Florida Statutes, are not limited to dependents who were participating in a municipality's group insurance plan at the time of the employee's retirement and should be read to allow open enrollment for the eligible dependents of retirees who wish to participate in a municipality's group insurance plan.
Section 112.0801, Florida Statutes, provides in part:
"Any state agency, county, municipality, special district, community college, or district school board which provides life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance, for its officers and employees and their dependents upon a group insurance plan or self-insurance plan shall allow all former personnel who have retired prior to October 1, 1987, as well as those who retire on or after such date, and their eligible dependents, the option of continuing to participate in such group insurance plan or self-insurance plan. Retirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees. For the retired employees and their eligible dependents, the cost of any such continued participation in any type of plan or any of the cost thereof may be paid by the employer or by the retired employees."
For purposes of the State Group Insurance Program, the Division of State Employees' Insurance has defined an "eligible dependent" to be
"(a) The wife or husband of the employee or retiree and any eligible children.
(b) The eligible children of a surviving spouse.
(c) The newborn child of an eligible child from the date of birth until the end of the month the child attains eighteen (18) months of age.
(d) Children of law enforcement, probation, or correctional officers who were killed in the line of duty and who are attending a college or university beyond their eighteenth (18th) birthday."[1]
Legislative history dealing with the amendments to section112.0801, Florida Statutes, indicates that the statute was adopted in an effort to address rising insurance costs for retirees from Florida public service and their eligible dependents.[2] The title of the 1987 amendment to the statute recognizes that this legislation was enacted to "requir[e] state agencies to allow retired employees or their dependents to participate in the agency's group insurance programs or self-insurance plans; [and to] requir[e] such retirees or their dependents to be offered the same health insurance coverage that is offered to active employees and at the same cost[.]"[3] While this particular amendment was directed at state employees and retirees, the same purpose would apply to local governmental agencies.
In construing the meaning of a statute, the primary purpose is to give effect to the intent of the Legislature.[4] In determining such intent, the courts will consider the act as a whole, the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of law already in existence bearing on the subject.[5]
Nothing in the statute clearly addresses whether these group insurance benefits should apply only to the eligible dependents of a retiree who are identified at retirement. However, in the absence of a legislative limitation to that effect, this office will not read such a restriction into the statute.[6]
The language of the statute appears to have been drafted to provide a flexible benefit so that an eligible dependent, such as the spouse of a retiree, may change over the course of the retirement period and be eligible to participate in the group insurance plan. Discussions with the Director of the Division of Retirement and legislative staff members involved in the drafting and review of this provision support this broader construction of the statute.
Thus, it is my conclusion that the provisions of section 112.0801, Florida Statutes, are not limited to dependents who were participating in a municipality's group insurance plan at the time of the employee's retirement and should be read to allow open enrollment for the eligible dependents of retirees who wish to participate in a municipality's group insurance plan.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Rule 60P-1.003(8), F.A.C., defining "[e]ligible dependents."
[2] See, Legislative Analysis of SB 399, Department of Administration, dated April 3, 1987.
[3] Title, Ch. 87-373, Laws of Florida.
[4] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950).
[5] See, e.g., State v. Webb, 398 So.2d 820 (Fla. 1981);Florida State Racing Commission v. McLaughlin, 102 So.2d 574
(Fla. 1958).
[6] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974) (Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute).