Mr. Daniel O'Gorman General Counsel, Reedy Creek Improvement District Post Office Box 60 Orlando, Florida 32802-0060
Dear Mr. O'Gorman:
You ask substantially the following question:
Does section 112.0801, Florida Statutes, only require a special district to provide retirees and their eligible dependents with the same health and hospitalization insurance coverage at a premium cost no greater than the premium costs of active employees, or is the district required to provide retirees and their eligible dependents with any insurance coverage it provides to its active employees at the same premium rate?
In sum:
Section 112.0801, Florida Statutes, requires a special district to offer its retirees and their eligible dependents continued participation in the life, health, accident, hospitalization, or annuity insurance, or any combination of such insurance, that the district provides to its active employees. Health and hospitalization insurance coverage, however, are the only types of insurance that must be offered to retirees and their eligible dependents at a premium cost of no more than that paid by the district for providing such insurance coverage to active employees. The special district may, but is not required to, pay the cost, or any portion thereof, of such continued health and hospitalization insurance coverage for district retirees and their eligible dependents.
The Reedy Creek Improvement District is a special district created by Chapter 67-764, Laws of Florida. Section 112.0801, Florida Statutes, provides in part:
"Any state agency, county, municipality, special district, community college, or district school board which provides life, health, accident, hospitalization, or annuity insurance, or all of any kinds of such insurance, for its officers and employees and their dependents upon a group insurance plan or self-insurance plan shall allow all former personnel who have retired prior to October 1, 1987, as well as those who retire on or after such date, and their eligible dependents, the option of continuing to participate in such group insurance plan or self-insurance plan. Retirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees. For the retired employees and their eligible dependents, the cost of any such continued participation in any type of plan or any of the cost thereof may be paid by the employer or by the retired employees."
An examination of the legislative history of section 112.0801, Florida Statutes, and its amendments indicates that the statute was adopted in an effort to address rising insurance costs for retirees from Florida public service and their eligible dependents.[1] The title of the 1987 amendment to the statute recognizes that this legislation was enacted to "requir[e] state agencies to allow retired employees or their dependents to participate in the agency's group insurance programs or self-insurance plans; [and to] requir[e] such retirees or their dependents to be offered the same health insurance coverage that is offered to active employees and at the same cost[.]"[2] While this particular amendment was directed at state employees and retirees, the same purpose would apply to local governmental agencies.
In construing the meaning of a statute, the primary purpose is to give effect to the intent of the Legislature.[3] Where the legislative intent is clearly manifest by the language used, a court will not look behind the statute's plain language for legislative intent.[4]
The language of the statute clearly indicates a legislative intent to give retirees and their eligible dependents the option of continuing in the public agency's insurance plan. However, the statute only requires that health and hospitalization insurance be offered at the same premium cost as that of active employees of the public agency. While nothing prohibits the public agency from offering its retirees and their eligible dependents continued coverage at the same premium as active employees for types of insurance coverage other than health and hospitalization, section112.0801, Florida Statutes, does not require the public agency to do so.
Moreover, section 112.0801, Florida Statutes, provides that for the retired employees and their eligible dependents, the cost of any continued participation in any type of plan, or any part thereof, may be paid by the employer or by the retired employees. Thus, this office has stated that while a local governmental entity may pay the costs, or a portion thereof, of the continued insurance coverage for its retirees and eligible dependents, it is not required to do so.[5]
Accordingly, I am of the opinion that section 112.0801, Florida Statutes, requires a special district to offer its retirees and their eligible dependents continued participation in the life, health, accident, hospitalization, or annuity insurance, or any combination of such insurance, that the district provides to its active employees. Health and hospitalization insurance coverage, however, are the only types of insurance that must be offered to retirees and their eligible dependents at a premium cost of no more than that paid by the district for providing such insurance coverage to active employees. The special district may, but is not required to, pay the cost, or any portion thereof, of such continued health and hospitalization insurance coverage for district retirees and their eligible dependents.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Legislative Analysis of SB 399, dated April 3, 1987.And see, Staff Analysis on CS/CS/HB 381 (companion bill to SB 399), Retirement, Personnel Collective Bargaining Committee, House of Representatives, dated June 15, 1987; Tape, Committee on Personnel, Retirement and Collective Bargaining, Florida Senate, April 22, 1987. See generally, Op. Att'y Gen. Fla. 96-06 (1996), tracing the history of s. 112.0801, Fla. Stat.
[2] See, Title, Ch. 87-373, Laws of Florida.
[3] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950).
[4] See, e.g., In re McCollam, 612 So.2d 572, 573 (Fla. 1993);Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Clark v. Kreidt,199 So. 333 (Fla. 1940).
[5] See, Op. Att'y Gen. Fla. 96-06 (1996) (s. 112.0801, Fla. Stat., authorizes, but does not require, a district school board to pay the cost of health and hospitalization insurance for a retired school board member and his or her eligible dependents).Cf., Op. Att'y Gen. Fla. 91-43 (1991) (s. 112.0801 requiring special district to offer retired employees and their eligible dependents participation in district's group insurance or self-insurance plan, does not apply to all former personnel of district, but only to former personnel who have retired under district's retirement plan).