DICKINSON, Associate Justice.
This is an appeal from a decree of the Circuit Court of Escambia County validating certain revenue certificates proposed to be issued by the city of Pensacola to cover the cost of erection of a City Auditorium. As security for the payment of these obligations the city pledged the revenues therefrom as well as the proceeds of an amusement tax and a tobacco tax theretofore levied by the city. Objection to the validation of these certificates on the ground that the city had no authority to levy the amusement tax and hence its pledge was invalid, was made by the appellant here, who intervened in the proceedings below. An additional ground was raised that if the city had such authority, then the levy was so arbitrary and unreasonable as to be unconstitutional.
The lower court validated the bonds as revenue certificates but in his decree found: “That said city has power to irrevocably pledge said amusement taxes and tobacco taxes to the payment of the principal of and interest on said Recreation Certificates, notwithstanding that the levy and collection of such amusement taxes and tobacco taxes, and the pledge thereof, is not specifically authorized by the Charter of said city or by any special or general act of the Legislature of the State of Florida.1’
Thus, the question is, if the city had no specific authority to levy such a tax, can such authority be implied from its charter or by subsequent acts of the Legislature?
It was conceded by the testimony that the revenues from the project would barely cover the cost of maintenance and that therefore the pledge of these excise taxes which heretofore had gone into the general revenue fund of the city was the primary source to be used for the retirement of the certificates.
The city claimed authority to levy the tax from the charter of the city, from special acts of the Legislature, Chapters 26-136 and 26139, Laws of Florida 1949, and from the provisions of Section 23 of Chapter 26319, Laws of Florida, Extraordinary Session 1949, F.S.A. § 212.01 et seq., which latter act is the Sales Tax Act. The appellant, on the contrary, contends that only by a specific grant of power by the Legislature can a city levy an amusement tax and that that power cannot be implied and was not specifically granted by the Legislative Acts above.
The field of amusement taxes clearly falls within the field of excise taxes, which field has long been reserved by the State as a special field of taxation for itself.
We have construed the pertinent portions of the City Charter of the City of Pensacola in the cases of Heriot v. City of Pensacola, 108 Fla. 480, 146 So. 654, and City of Pensacola v. Lawrence, 126 Fla. 830, 171 So. 793, as modified by Asbell v. Green, 159 Fla. 702, 32 So.2d 593. In those cases we said that the Legislature could grant the power to levy excise taxes as here contended, but that if it did so, then such grant should be given in clear and certain terms.
We have already held in several cases that a city has no inherent power to levy excise taxes on amusements in the ab *433 «ence of any specific — we repeat — specific power or grant by the Legislature. See City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521, and City of St. Petersburg v. Florida Coastal Theatres, Inc., Fla., 43 So. 2d 525. The city of Pensacola here has no more power or authority to levy taxes on licenses or privileges than was granted these cities in their charters, the pertinent portions of which were construed or involved in those cases, unless it be as coming from its power “to exercise any power that the Legislature could legally grant.” Section 2 of the Charter Act of the City of Pensacola, Chapter 15425, Sp.Laws of Florida 1931, provides “it is intended that the City of Pensacola shall have, and may exercise all powers which under the Constitution of Florida, it would be competent, for this charter specifically to enumerate.” The city also contends that its present charter retained all powers of preceding charters granted it, Chapter 6087, Laws of Florida 1909, which in Section 1 thereof provided that the city could “levy and impose license taxes * * * upon any and all occupations and upon any and all privileges *' * as fully and 'to the same extent and in the same manner that the Legislature could impose such licenses and taxes, for city purposes * * These provisions cannot in any way be construed as a grant of specific authority to levy an amusement or admission tax, for to so hold would amount to the approval by this court of permitting a complete abdication of its Legislative power by the Legislature in favor of a city, which, of course, cannot be done. The Legislature cannot abdicate its power to a city or municipality. A municipality is a creature of the Legislature and must derive its powers from its acts. To permit this could result in the absurdity that the Legislature could say: “We create the City of Pensacola and give it all powers that we could give it at any time for any purpose.” We cannot conceive of this as being a proper delegation of power under our tripartite system of government.
Hence we must see whether the two above special acts of Legislature of 1949 pertaining to the City of Pensacola or the Sales Tax Act granted the city such authority.
Chapter 26136 aforesaid merely grants to the city authority to pledge excise taxes for certain purposes and thus is not applicable.
Chapter 26139 is an act validating and confirming all acts and proceedings of the City Council of Pensacola and ordinances appertaining thereto relative to the pledge of the revenues of the auditorium and recreation pier of the city-and the proceeds of the amusement taxes and tobacco taxes levied and collected by the city for a $1,000,000.00 issue of revenue certificates. Nowhere in this Act is there any specific authority or grant to the city to levy an amusement tax. It presupposes only that the levy had been validly made. Thus it fails to give the city such authority.
The Sales Tax Act says in Section 4 “no municipality * * * shall hereafter (after Nov. 1, 1949) levy an excise tax on amusement admissions” and Section 23 says: “Nothing herein contained shall be construed as repealing any general or special act authorizing a municipality to levy a special tax upon admission tickets which said tax is now being levied by such municipality." Thus there can be no comfort to the city in this provision because the saving clause must necessarily presuppose a preexisting or pre-granted right to levy the tax. In other words, the tax must have 'been legally levied under authority theretofore granted a city by the Legislature. This is not a grant of authority to levy a tax, but only a recognition of such a grant as may have been specifically made by the Legislature at some previous time.
In our opinion this case is identical with the case of City of Miami v. Kayfetz, supra, wherein we said that statutes authorizing the levy of taxes are to be strictly construed; they are not to be extended by implication, nor is their operation to be enlarged so as to embrace matters not specifically pointed out, though standing upon a close analogy. If the authority to tax is doubtful, the douibt must always be resolved against the tax. We reiterate this and say *434 that the Legislature could have granted this power to the city of Pensacola but we do not feel that it has so far by its enactments.
We 'have carefully considered the authorities submitted by the city as well as the questions of res adjudicata and estoppel raised by it. A previous bond validation proceeding is only res adjudicata as to the questions raised therein. The question here involved, that is, whether the city had authority to levy the amusement tax, was not raised in either State v. City of Pensacola, Fla., 43 So.2d 340, or City of Pensacola v. Fillingim, Fla., 46 So.2d 876; Therefore these cases- are not res adjudicata as to the issues here. Estoppel cannot be raised here by the city because it only lies when a party has been damaged, thus permitting the invocation of the rule. Here the city has not been harmed, if anything, it has been bene-fitted by the levy and collection of the tax in question.
Having determined that the city had no power to levy the tax herein pledged, it is unnecessary to determine whether the same is unreasonable and discrim,inatory as contended in appellant’s second question.
Hence it follows that the judgment and decree of the lower court must be affirmed but with directions to delete that portion thereof authorizing the pledge of amusement taxes to the payment or security of the revenue certificates here involved.
SEBRING, C. J., and TERRELL and HOBSON, JJ-, concur.
CHAPMAN and ROBERTS, JJ., dissent.
MATHEWS, J., not participating.