WIGGINTON, Chief Judge.
This appeal is from a final judgment entered in a habeas corpus proceeding discharging appellee from the custody of appellant Chief of Police upon the court’s determination that the ordinance in violation of which appellee was arrested and restrained of his liberty was invalid.
The municipal charter granted the City of Fort Walton Beach in .1947,[1] among other things, conferred upon the city the authority:
“To impose license taxes, excise taxes and privilege taxes on professions, businesses, trades, occupations, and privileges of all kinds and amusements of all kinds, including places of amusement and amusement devices of all kinds, to provide for the same and to enforce the collection thereof in the manner provided by law and by City ordinance. And the amounts of said license taxes, excise taxes and privilege taxes and the subjects upon which they are levied shall be fixed by City ordinance and shall not be dependent upon any general State law. The City shall have the right by ordinance to fix the amount of any license, excise or privilege tax either by basing the same upon gross receipts or by such other method as the City Council may dé-termine.” § 3, subd. c.
No attempt was made by the city to enact an ordinance levying an excise tax on the privilege of operating a motion picture theater pursuant to the authority granted to it by its 1947 charter act until it adopted Ordinance No. 82 on August 1, 1950. Prior to the adoption of this ordinance the Legislature of Florida enacted the Florida Revenue Act of 1949.[2] The pertinent section of this act levies a tax upon the privilege of sale and purchase of admissions to any place of amusement and declares: “that no municipality of the state shall hereafter levy an excise tax on amusement admissions.” [3]
The foregoing provision relating to the levy of an excise tax on the sale and purchase of admissions to places of amusement is qualified by a subsequent section of the Act consisting of a savings clause which provides:
“Nothing herein contained shall be construed as repealing any general or special act authorizing a municipality to levy a special tax upon admission tickets which said tax is now being levied by such municipality.” [4]
On August 1, 1950, the city adopted Ordinance No. 82, pursuant to the authority granted to it by its 1947 charter and by which it levied an occupational license tax against all motion picture theaters in the amount of $25, plus a 2‡ tax on each adult ticket sold.
In 1953 the Legislature of Florida enacted a special act granting to the City of Fort Walton Beach a new municipal charter.[5] In this charter the authority of the city to impose license, excise and privilege taxes as was contained in the 1947 charter act was carried forward without material *430 change insofar as the question here presented is concerned.
The city by Ordinance No. 171 adopted on June 14, 1955, repealed all prior ordinances regulating the privilege of engaging in businesses, professions and occupations within the city, and levied an occupational license tax of $100, plus 2‡ for each admission ticket sold by all theaters operating within the city. The ordinance further provides that any person violating any of the terms or provisions thereof shall he deemed guilty of a misdemeanor and subject to a fine or imprisonment in the city jail. It was for the non-payment of the excise tax of 2<js for each admission ticket sold at the theater owned and operated by him that appellee was arrested.
By its final judgment discharging appel-lee from custody of the Chief of Police, the trial court held that Ordinance No. 171, for the violation of which appellee had been arrested, was void. This finding was predicated upon the conclusion reached by the court that its charter act of 1955 granted to the city only general authority to levy and collect occupational, privilege and excise taxes on places of amusement and amusement devices operated within the city, but failed to grant specific authority to levy a special tax upon amusement tickets as was attempted by the ordinance which the trial court found to be void.
This case presents to us for consideration a question of statutory construction. The sole question involved is whether the provision of the municipal charter in question authorizes the city to levy an occupational or privilege tax on motion picture theaters, the amount of which shall be computed upon a fixed charge for each admission ticket sold to patrons of the theater.
In the Lawrence case [6] the City of Pensacola attempted by ordinance to levy on every sale of real estate made within its corporate limits a tax equal to 2% of the gross sales price. The section of its charter on which the city relied for authority to support the validity of the ordinance provided that the city was authorized to levy and impose license taxes upon any and all occupations and privileges and to grade and fix the amount to be paid as fully and to the same extent and in the same manner that the Legislature could impose such licenses and taxes for municipal purposes. In holding the ordinance void, the court held the tax in question to be an excise tax not contemplated within the broad general terms of the charter act on which reliance was placed by the city. The principle was there stated that if an act of the legislature is intended to authorize a municipality to impose an excise tax on remote, isolated or infrequent transactions, the power must be given in clear, unmistakable and certain terms. Since the charter act of the City of Pensacola contained no specific authority to impose an excise tax on sales of real estate made within the city, it was held that the attempt to impose such a tax was without authority of law and ineffective.
In the Kayfetz case [7] the City of Miami adopted an ordinance levying upon each purchase of an admission to any nightclub show an excise tax of 25‡ for each purchaser. The tax was levied directly against the patrons of nightclubs for exercising the privilege of indulgence in the entertainment furnished by such club. The only authority of the city to levy such tax was that section of its charter empowering it to license and tax privileges, businesses, occupations and professions carried on and engaged in within the city limits, and the amount of such license taxes was not dependent upon a general state revenue law. In holding the ordinance invalid, the Supreme Court recognized that the Legislature could lawfully authorize a municipality to levy and collect the tax there sought to be imposed. It was held, how *431 ever, that the taxing authority of the city, as gleaned from the pertinent provision of its charter, was restricted to the right of levying a tax only against those engaged in occupations or vocations, the pursuance of which may be regulated by law. It was held that the charter act contained no language specifically authorizing the city to levy a head tax against the patrons of nightclubs, and such authority could not be inferred from the general language of the act.
In the Florida Coastal Theatres case [8] the City of St. Petersburg sought by ordinance to levy an excise tax against the operators of motion picture theaters based upon the sale of admission tickets. The only authority contained in the city charter respecting the right to levy taxes was one which authorized the city to impose license taxes upon privileges, businesses, occupations and professions carried on and engaged in within the city; and the amount of such taxes was not dependent upon the general state revenue law. The court restated the applicable rule to be that delegated corporate powers to a municipality, particularly grants of power out of the usual range which result in a public burden, or touch the right to liberty or property, or the common-law right of the citizen, must be strictly construed. Any fair or reasonable doubts should be resolved against the exercise of the power by the city. It was held that the charter act on which the ordinance in question was predicated clothed the city with nothing more than a general grant of power and could not be extended to a specific grant to impose an excise tax of the character described in the ordinance. For the reasons stated the ordinance was held to be void, and the decree granting an injunction against the city restraining it from attempting to collect the tax was affirmed.
In the Paramount-Gulf Theatres case[9] the City of Pensacola sought to validate certain bonds for the construction of a city auditorium to the repayment of which the amusement tax levied by the city on theater tickets was pledged as security. The theaters objected to the validation on the ground that the city had no authority to levy the amusement tax which it sought to pledge as security for repayment of the bonds. The issue before the court was whether the city possessed the charter authority to levy the amusement tax in question. The charter empowered the city to exercise all powers which under the Constitution of Florida it would be competent for the charter specifically to enumerate. The charter further authorized the city to levy and impose license taxes upon any and all occupations and upon any and all privileges as fully and to the same extent and in the same manner that the legislature could impose such licenses and taxes for city purposes. The first opinion filed by the court held that the field of amusement taxes clearly falls within the field of excise taxes, which field has long been reserved by the state as a special field of taxation for itself. The Legislature can grant the power to levy taxes as here contended but if it does, so, such grant must be given in clear and certain terms. Statutes authorizing the levy of taxes are to be strictly construed; they are not to be extended by implication, nor is their operation to be enlarged so as to embrace matters not specifically pointed out, though standing upon a close analogy. If the authority to tax is doubtful, the doubt must always be resolved against the tax. The court held that the provision of the city charter could not in any way be construed as a grant of specific authority to levy an amusement or admission tax. It therefore held that the city was without authority to pledge the amusement tax for the validation of the bonds, and that part of the decree so providing was reversed. On rehearing the court found that a subsequent special act of the Legislature validated the city ordi *432 nance levying the amusement tax in question, and therefore held the tax to be valid and the pledge of the tax as security was approved. The opinion on rehearing did not recede from the principles of law stated in the main opinion.
From the foregoing authorities it is abundantly clear that our State Legislature by the enactment of the Florida Revenue Act of 1949, expressed its intention to reserve to the State the right to levy an excise tax upon admission tickets sold at places of amusement. Although it is conceded that a subsequent legislature has the power to authorize any municipality to invade this field of taxation, the act granting such power must be so clear and explicit as not to admit of any doubt that the legislature intended to grant the authority to levy an excise tax on admission tickets sold at places of amusement. Such authority will not be inferred from general language lacking the mentioned degree of specificity.
Appellant earnestly contends that the taxing power granted the City of Fort Walton Beach in its charter att clearly authorizes the city to impose licenses, excise and privilege taxes on places of amusement (which includes motion picture theaters), and specifically authorizes the city to fix by ordinance the amount of any such tax either by basing the same upon gross receipts or by such other method as the City Council may determine. We are forced to agree with appellant that the language on which he relies is contained in the charter. Appellant reasons that the language is sufficiently specific to empower the city to impose an excise tax on the privilege of operating the theater owned by appellee in this case, and to fix the amount of such tax by basing it upon the number of admission tickets sold. With this contention we are unable to agree. Nor can we agree that the tax imposed by the ordinance amounts to a gross receipts tax as authorized by the city charter. It is our construction of the charter act that the city has broad general authority to impose licenses, excise or privilege taxes on places of amusement, and to fix the amount of such tax within lawful limitations. We must hold, however, that the Act contains no language which either specifically or inferentially authorizes the city to levy an excise tax against motion picture theaters operated within its corporate limits based upon a fixed amount for each admission ticket sold to patrons.
For the reasons herein set forth we conclude that the judgment appealed from is free of error and it is therefore affirmed.
Affirmed.
STURGIS and CARROLL, DONALD, JJ., concur.

. Ch. 24529, Special Acts of Florida 1947.

. Ch. 26319. General Laws of Florida 1949, F.S.A. § 212.01 et seq.

. See. 212.04, F.S., F.S.A.

. Sec. 212.22, F.S., F.S.A.

. Ch. 29092, Special Acts of Florida 1953.

. City of Pensacola v. Lawrence, 126 Fla. 830, 171 So. 793.

. City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521.

. City of St. Petersburg v. Florida Coastal Theatres, Fla.1949, 43 So.2d 525.

. Paramount-Gulf Theatres v. City of Pensacola, Fla.1952, 62 So.2d 431.