ROBERTS, Justice.
This is an appeal from a decree of the circuit court validating $775,000.00 of revenue certificates proposed to be issued by the City of Green Cove Springs for the purpose of financing the acquisition of properties comprising the deactivated United States Naval Station at Green Cove Springs, Florida.
The 1963 ■ session of the Florida Legislature passed and approved Senate Bill No. 679 which authorized the city to issue revenue certificates without an election for the purpose of financing the purchase of the station. Pursuant to the bill and the city charter the commission of Green Cove Springs authorized the issuance of water and electrical revenue certificates in the principal aount of $775,-000.00 for the purchase of the station in. order to enlarge and improve the sewerage disposal system and electrical system presently being operated and maintained by the city under its charter, the revenue certificates to be payable from the sale of electricity, water and the cigarette taxes. The city then filed in the circuit court a petition to validate the certificates. The State’s Attorney filed an answer reciting that, “[T]he State of Florida can show no cause why the issuance of the water and electric revenue certificates described in .said petition should not be validated * * * The appellants intervened and filed a motion to dismiss on the grounds that the issuance of the bonds is an unauthorized expenditure under the city charter, that Senate Bill 679 (1963) is unconstitutional in that it is in conflict with the city charter and contrary to Art. 9, Sec. 10 of the Florida Constitution, F.S.A., and that the petition for validation “attempts to ask for an authorized expenditure of municipal funds for a function not municipal in.nature.” At the hearing in the trial court the appellants declined to argue their motion to dismiss and indicated their willingness to proceed on the merits. The court then denied the motion to dismiss and ordered that the petition to intervene would be granted and that such petition would stand as an answer to the petition to validate. No evidence was submitted by the appellants at the hearing although they were represented by counsel of record, and the court entered its final decree validating the certificates after giving the city, state and appellants’ attorneys time to “go over the [prepared] decree”. The appellants in their brief and oral argument contend that the title of Senate Bill 679 fails to fairly dis *221 close the content of the body oí the Act in that the bill authorized the pledge of the cigarette tax, but did not mention such specific source of revenue. There is no merit in this contention.
The title to Senate Bill 679 (1963) provides :—
“AN ACT RELATING TO AND AUTHORIZING THE CITY OF GREEN COVE SPRINGS, CLAY COUNTY, TO PURCHASE THE DEACTIVATED GREEN COVE SPRINGS NAVAL STATION FOR SUCH AMOUNT AS THE CITY COMMISSION MAY DETERMINE TO THE BEST INTEREST OF THE CITY; PROVIDING FOR THE ISSUANCE OF REVENUE ANTICIPATION CERTIFICATES; PROVIDING FOR RETIREMENT OF SAID CERTIFICATES; AUTHORIZING THE LEASE OF ANY PART OF SAID STATION FOR MUNICIPAL PURPOSES; PROVIDING AN EFFECTIVE DATE.”
Article III, Sec. XVI, Florida Constitution provides: “Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * (Italics added) The subject of the act, the acquisition of the airbase and the issuance of revenue certificates, are clearly expressed in the title as required by the Constitution. Matters properly connected with the subject need not appear in the title, however the title of this bill expressly states that the act provides “for retirement of said certificates”. The title is sufficient to put appellants or any other citizen on notice “that would reasonably lead to inquiry” as to the method of retirement of the certificates. City of Ocoee v. Bowness (Fla.1953), 65 So.2d 7. In addition the bill is well within the test applied in Mayo v. Polk County (1936), 124 Fla. 534, 169 So. 41 and Paramount-Gulf Theatres v. City of Pensacola (Fla.1952), 62 So.2d 431. The Act here involved authorized the payment of the revenue certificates partly from the proceeds of the cigarette taxes imposed under F.S. Chapter 210, F.S.A., and ample authority for the City to pledge such tax to secure repayment qf money borrowed for the purposes expressed in the act can be found in the following decisions: State v. City of Tampa (Fla.1954), 72 So.2d 371; Paramount-Gulf Theatres v. City of Pensacola, supra; Welker v. State of Florida (Fla.), 93 So. 2d 591.
The primary contention of the appellants is that the acquisition of the base is not for public or municipal purposes and therefore contra to Art. IX, Sec. X. This contention is without merit. See State v. Clay County Development Authority (Fla.1962), 140 So.2d 576, and cases cited.
An examination of the record reveals that the facilities and services afforded by the station include an electrical power distribution system, a sewerage disposal system which it is said would meet the anticipated need of the city for several years, an airport with paved runways and two hangars, port and dock facilities as well as numerous recreational facilities. All of the foregoing have been held to-be public purposes. The City recognized that some parcels of the station are not essential to municipal purposes at this time and could be leased for private use, but contends that such parts are purely incidental to the main public purpose and are necessary in order to acquire the facilities needed for its municipal and public projects because the Navy Department would only sell the base in toto as a “package deal.” Any lease money gained from this part of the station would be used to help meet the payments on the certificates.
We hold, then, that the dominant purpose of the proceedings is to accomplish a municipal benefit and whatever private purpose may be temporarily served by the *222 lease of the buildings or other facilities is purely incidental to the main public improvement. Our precedents support the validity of the proposed revenue certificates.
Other questions presented have been considered and found to be without merit.
The decree appealed from is, accordingly, affirmed.
TERRELL, Acting C. J., THOMAS, O’CONNELL, CALDWELL and HOB-SON (Ret.), JJ., and HEWITT, Circuit Judge, concur.