TAMIAMI TRAIL TOURS, INC., *et al.*, v. J. M. LEE, as State Comptroller

194 So. 305
Division B
Opinion Filed February 27, 1940
Rehearing Denied March 19, 1940

*A. Pickens Coles* and *John M. Allison,* for Appellants;

*George Couper Gibbs,* Attorney General, *Tyrus A. Norwood and Lawrence Truett,* Assistant Attorneys General, for Appellee.

BROWN, J.—Appellants filed their bill of complaint in the circuit court of Leon County seeking an injunction restraining appellee from collecting taxes under Chapter 19446, Laws of Florida, Acts of 1939. The said Act imposed an excise tax of seven cents per gallon on fuels used in internal combustion engines, where such engines were used to propel motor vehicles along the highways of the State of Florida and excepted such fuels as were subject to the tax imposed by Chapter 15659, Laws of Florida, Acts of 1931, or any other gasoline taxing Acts of the State of Florida.

The chancellor, after argument, denied appellants' motion for an injunction and granted appellee's motion to

dismiss. The present appeal is taken from that order, dated September 13, 1939, dismissing the bill of complaint.

Several questions are presented in the bill but only two of them are relied upon by appellants in their brief and we shall, therefore, confine ourselves to these.

The questions are: (1) "Are motor carriers, certified under Chapter 14764, Acts of 1931, exempt thereunder from the purview of Chapter 19446, Acts of 1939"; and (2) "Does Chapter 19446, Acts of 1939, repeal the exemption provisions of Section 16, Chapter 14764, Acts of 1931?."

Question numbered one must, in our opinion, be answered in the negative.

Passing to the second question, Section 2 of Chapter 19446, Acts of 1939, provides:

"An excise tax of seven cents (7c) per gallon is hereby imposed on the use of such fuel by any person within this State only when such fuel is used in an internal combustion engine for the generation of power to propel *motor vehicles of any kind or character* on the public highways of Florida to be computed in the manner hereinafter in this Act set forth and paid by the users." (Emphasis added.)

Section 16, Chapter 14764, Acts of 1931, Section 1335 (15), C. G. L., Perm. Supp., recites:

" * * * Provided further, that the mileage tax provided for in this section shall be in lieu of all other taxes and fees of every kind, character and description, State, County or Municipal, except ad valorem taxes levied upon the property other than motor vehicles of such auto transportation companies and *except the gasoline tax,* and except the motor vehicle license tax as now or hereafter provided for by law." (Italics supplied.)

Thus the gasoline tax is excepted from the exemption

allowed by said Section 16. We are here dealing with a 1939 statute which is designed to place a tax on a substitute for gasoline. It is admitted that Chapter 19446 is so drawn as to place a tax on a distillate or fuel oil used in the operation of Diesel motored vehicles using the highways of Florida. This substitute for gasoline was not used on the highways when Chapter 14764 was enacted. If the gasoline tax was excepted from the exemption allowed by Section 16 of Chapter 14764, as it plainly was, why cannot the legislature by a later Act likewise except, in effect, the tax on a new substitute for gasoline from the benefit of such exemption? A large portion of the 7-cent gas tax goes to pay for the upkeep and construction of public roads. Suppose a substitute for gasoline should be found which would come into general use, could it be said that anything contained in Chapter 14764 could possibly prevent the legislature from placing a tax on its use by all persons or corporations using the State's highways? If the Legislature could be so prevented, the chief source of funds with which our highways are maintained could be taken away by a mere change in the character of motor fuel without any power in the legislative branch to remedy the situation. The legislative power to deal with new situations as they arise cannot thus be limited, even though their action expressly or impliedly repeals former legislative Acts.

Furthermore, the legislature can by statute prescribe a new rule, which, if the statute shows an intention so to do, will completely govern the subject dealt with, even though this amounts to an implied repeal of all prior Acts in conflict therewith. See American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524, and cases therein cited.

While, as stated in appellants' very able brief, Diesel Engine driven trucks and buses may yet be in the experi-

mental stage, the legislature did not have to wait until they came into general use before taxing the particular fuel used by them.

Furthermore, there is a presumption that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject. 59 C. J. 909.

If there be a positive repugnancy between Section 2 of Chapter 19446, Acts of 1939, and Section 16 of Chapter 14764, Acts of 1931, the later Act adopted in 1939 must control. In the latter Act, Chapter 19446, the legislature of the State of Florida has undertaken to tax those fuels, used in motor vehicles plying the highways of the State, which up to that time—or at least for a short time prior to 1939—escaped taxation. That the State of Florida has the right to so tax the fuels used in such vehicles so using its highways cannot be contested.

A careful reading will show that nothing herein conflicts with Dickinson v. Cahoon, 107 Fla. 155, 144 So. 345, text 346. Chapter 14764 is primarily a regulatory and not a taxing statute, but like any other legislative Act, it can be amended or repealed by the legislature. As was pointed out in Dickinson v. Cahoon, *supra*, a subsequent general weight regulatory statute, applying generally to all motor vehicles and not containing a specific repealing section, might not apply to the certificated class of vehicles regulated by the said Chapter 14764 and over which the Railroad Commission was given very broad regulatory powers; but a general licensing and taxing statute, Sec. 1011 Rev. Gen. St. and amendments thereto, was therein declared to remain in effect and to apply to all motor vehicles, including those regulated by Chapter 14764.

It is our conclusion, therefore, that our order of supersedeas heretofore granted should be, and is hereby dis-

solved, and that the order of the chancellor should be, and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.