ACME FREIGHT LINES, INC., v. J. M. LEE, as
State Comptroller.

197 So. 499
En Banc
Opinion Filed July 5, 1940
Rehearing Denied July 31, 1940

*Rinehart, Coulter & Conroy,* for Appellant;

*George Couper Gibbs,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

WHITFIELD, J.—In considering a State statute containing a provision quite similar to the one here involved, the Supreme Court of the United States in Bingaman v. Golden Eagle Western Lines, Inc., 297 U. S. 626, 628, 56 Sup. Ct. 624, 80 L. Ed. 828, stated:

"The case turns upon the question whether the statutory provisions exact a charge as compensation to the State for the use of its highways, or impose an excise tax for the use of an instrumentality of interstate commerce. If the former, the tax should be sustained; if the latter, it clearly contravenes the commerce clause and must be held bad."

The State Supreme Court of the State of New Mexico having held that the tax was not imposed for use of the public roads of the State but was a general excise tax on the use of gasoline in that State, the United States Supreme Court held the general excise tax on the *use* of gasoline could not legally be applied to interstate common carriers which did no intrastate business.

In this case the tax is imposed by the statute "on the use of the fuel *within this State* only when such fuel is used in an internal combustion engine for the generation of power to propel motor vehicles of any kind or character on the public highways of Florida," and the proceeds are required to be paid into State funds that are used to pay for the construction and maintenance and supervision of the public roads in the State. See Tamiami Trail Tours v. Lee, 142 Fla. 68, 194 So. 305.

Sections 2, 3, and 4 of Chapter 19446, Acts of 1939, are as follows:

"Section 2. LEVY OF TAX AND EXEMPTIONS.—An excise tax of seven cents (7c) per gallon is hereby imposed on the use of such fuel by any person within this State only when such fuel is used in an internal combustion engine for the generation of power to propel motor vehicles of any kind or character on the public highways of Florida to be computed in the manner hereinafter in this Act set forth and paid by the users.

"Section 3. ALLOCATION OF TAX.—Said tax of seven cents (7c) per gallon being made up of three separate taxes, being:

"First 'Motor Vehicle Fuel' tax: A tax of three cents (3c) per gallon for use of the State Road Department, as provided by law.

"Second 'Motor Vehicle Fuel' tax: A tax of three cents (3c) per gallon to be apportioned, as provided by Chapter 15659, Laws of Florida, Acts of 1931, and Acts amendatory thereto.

"Third 'Motor Vehicle Fuel' tax: A tax of one cent (1c) per gallon to be paid into the General Revenue Fund of the State of Florida.

"After the payment of all expenses incident to the administration of this Act, all moneys derived from the 'Motor Vehicle Fuel' taxes imposed by this Act shall be paid into the State Treasurer by the Comptroller, as follows:

"First 'Motor Vehicle Fuel tax: Shall be paid into the 'State Road License Fund,' created by Chapter 15659, Laws of Florida, Acts of 1931.

"Second 'Motor Vehicle Fuel' tax: Shall be paid into the 'State Road Distribution Fund,' created by Chapter 15659, Laws of Florida, Acts of 1931.

"Third 'Motor Vehicle Fuel' tax: Shall be paid into the 'General Revenue Fund' of the State of Florida.

"The first and second 'Motor Vehicle Fuel' taxes collected under this Act shall be distributed, used and/or appropriated in the same manner as gasoline tax moneys are used, distributed and/or appropriated as provided by Chapter 15669, Laws of Florida, Acts of 1931, and all Acts amendatory thereto. The third 'Motor Vehicle Fuel' tax shall be paid into the General Revenue Fund of the State of Florida. Sec. 1167 (105) 1940, Perm. Supp. C. G. L. (Chapter

15659 provides for the use of the taxes imposed for public road purposes.)

"Section 4. There is hereby appropriated for use by the Comptroller, before any distribution is made of any 'Motor Vehicle Fuel' taxes imposed herein, so much of the 'Motor Vehicle Fuel' taxes, filing fees and penalties imposed by this Act as may be necessary to pay the expenses incident to the administration of this Act, including postage, clerical aid, legal expenses, costs and expenses incident to litigation, and the payment of such sums of money as the Comptroller may from time to time determine shall be refunded to any person, firm or corporation making over payment of such taxes, provided that before expending any money derived from the taxes imposed by this Act for expenses, the Comptroller shall first apply to the payment of such expenses all money received from filing fees and penalties under this Act."

The statute requires the proceeds of the tax to be paid into the 'State Road License Fund,' the 'State Road Distribution Fund' and the 'General Revenue Fund' of the State. The first two quoted funds are used exclusively for public road purposes; and from the 'General Revenue Fund' are paid the salaries and traveling expenses of State officers who have the supervision of the construction and maintenance of, and the operation of traffic on, the highways of the State. There is no claim that the revenues from the tax are not used for the proper construction, maintenance, operation and supervision of the public roads of the State. The tax is clearly intended as compensation for the use of the public roads of the State. This being so, the tax is legal under the decision of the United States Supreme Court in Bingaman v. Golden Eagle Western Lines, Inc., *supra*. See Dixie Ohio Express Co. v. State Revenue Comm'rs. of Ga.,

306 U. S. 72, 59 Sup. Ct. 435, 83 L. Ed. 495, and authorities therein cited.

Affirmed.

BUFORD, BROWN, CHAPMAN AND THOMAS, J. J., concur.

TERRELL, C. J., dissents.