QUESTIONS: 1. Does s. 215.685, F.S., which authorizes the issuance of bonds with a maximum of 71/2!mfe!x percent interest, impliedly modify or repeal that part of Ch. 69- 1049, Laws of Florida, which authorizes the Pensacola- Escambia Governmental Center Authority to issue bonds with a maximum interest rate of 7 percent? 2. Does s. 215.431, F.S., which authorizes the issuance of bond anticipation notes at such rates not exceeding the maximum as permitted by law, allow the Pensacola-Escambia Governmental Center Authority to issue bond anticipation notes at a maximum interest rate of 71/2!mfe!x percent?
SUMMARY: That part of Ch. 69-1049, Laws of Florida, which sets at 7 percent the maximum interest rate on bonds and notes issued by the Pensacola-Escambia Governmental Center Authority is impliedly repealed or modified by the subsequently enacted general law, s. 215.685, F.S. (1974 Supp.), fixing the maximum interest rate on bonds and other obligations of local governmental entities, including "authorities," at 71/2!mfe!x percent. Therefore, the Pensacola-Escambia Governmental Center Authority may issue bonds and notes at an interest rate not to exceed 71/2!mfe!x percent. Additionally, s. 215.431, F.S., authorizes the authority to issue bond anticipation notes for the purposes and upon the terms therein prescribed at a rate not exceeding that established in s. 215.685, F.S. (1974 Supp.), as an additional and supplemental power to that conferred by Ch. 69-1049, supra. AS TO QUESTION 1: Chapter 69-1049, Laws of Florida, is a special act creating the Pensacola-Escambia Governmental Center Authority (hereafter referred to as the PEGCA), which became a law on July 9, 1969. Section 6(4)(a) of the act authorizes the issuance of bonds and notes bearing interest at a rate not greater than 7 percent. With exceptions not here relevant, s. 215.685(1), F.S. (1974 Supp.), fixes the maximum interest rate on bonds issued by "counties, municipalities . . . districts, commissions, authorities, or any other public body, agency or political subdivision of the state" at 71/2!mfe!x percent per annum. This statute further states that all laws or parts of laws, whether special or general, in conflict with this section are "expressly repealed and superseded" by this section. It was originally enacted by Ch. 69-1739, Laws of Florida, during the extraordinary session in 1969, and became a law on December 17, 1969. As s. 215.685, F.S., was enacted subsequent to Ch. 69-1049, supra, the rule of statutory construction that, in the absence of a clear legislative intent to the contrary, the last expression of the legislative will is the law in cases of conflicting statutes is applicable here. City of Jacksonville v. Albury, 295 So.2d 297 (Fla. 1974). I have not overlooked the rule that, ordinarily, in the case of a conflict between a special law and a general law, the maximum generalia specialibus non derogant — a general act will not be held to repeal or modify a special one embraced within the terms of the general act — applies. American Bakeries Co. v. Haines City,180 So. 524, 528 (Fla. 1938). However, a general act may operate to repeal or modify repugnant and irreconcilable local or special laws, even though it contains no general repealer clause, where the legislative intent to repeal or modify conflicting local or special laws is made plain by the terms and purposes of the general act. City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950); also see State v. McCarthy, 165 So. 700 (Fla. 1936); Tamiami Trail Tours v. Lee, 194 So. 305 (Fla. 1940). The determining factor is the legislative intent, which is to be determined by a consideration of the language used, the purpose to be accomplished, and all other relevant matters. American Bakeries Co. v. Haines City, supra, at 532. The legislative intent to supersede or modify prior contrary provisions is clearly evidenced by the breadth of the general act here in question, s. 215.685, F.S. (1974 Supp.). It purports to include all types of obligations issued by any or all local governmental bodies. The general act also contains a general repealer clause which states that "[a]ll laws or parts of laws, whether special or general, in conflict herewith are expressly repealed and superseded by this section. . . ." Section 215.685(3). The effect of such a general repealer clause is to emphasize and make manifest the legislative intent that the general act shall control in cases of conflict with earlier laws, whether special or general. See American Bakeries Co. v. Haines City, supra, at 531. The intent of a statute as ascertained from the language and purpose thereof is the law. State ex rel. Davis, Attorney General v. Knight, 124 So. 461 (Fla. 1929); Small v. Sun Oil Co., 222 So.2d 196 (Fla. 1969). Thus, as discussed above, s. 215.685, F.S., impliedly repealed or modified that part of Ch. 69-1049, Laws of Florida, which provided for a lesser maximum rate of interest. Your first question is, therefore, answered in the affirmative. AS TO QUESTION 2: Section215.431, F.S., grants to local governmental bodies, including "authorities," the power to issue bond anticipation notes at a rate "not exceeding the maximum rate permitted by law" [i.e. s. 215.685, F.S. (1974 Supp.)] or by the resolution or ordinance authorizing their issuance, whichever is less. This is expressly stated to be "additional and supplemental" to the authority granted by special laws such as s. 6(4)(a), Ch. 69-1049, Laws of Florida. Thus, in addition to the fact, discussed above, that the maximum interest rate of 7 percent specified in Ch. 69-1049 has been impliedly repealed or modified by s. 215.685, which establishes the maximum rate of interest to be 71/2!mfe!x percent, bond anticipation notes may also be issued at the rate of 71/2!mfe!x percent under the specific authority granted by s.215.431, supra. (It might be noted that Ch. 74-259, Laws of Florida [s. 215.685(2), F.S. (1974 Supp.)], allows the issuing local governmental bodies to request, where it appears to be in the best interest of the public, the State Board of Administration to authorize, for a specific issue or reissue of any obligations therein designated, a rate of interest in excess of the maximum rate set by law.) Your second question is, therefore, answered in the affirmative.