QUESTIONS: 1. May the Division of Beverage disapprove an application for a liquor license or the transfer of a liquor license on the ground that the location of the place of business to be covered by the license violates municipal or county zoning restrictions? 2. May the division disapprove an application for a liquor license on the ground that the location of the place of business to be covered by the license violates the provisions of a special act of the Legislature establishing the distance limitations between liquor vendors and churches and schools? 3. May the division disapprove an application for a liquor license on the ground that the application is not accompanied by a certificate of compliance with sanitary requirements of the state from the Department of Health and Rehabilitative Services or the appropriate county health department?
SUMMARY: The Division of Beverage may disapprove an application for the issuance or transfer of a liquor vendor's license if the location of the place of business to be covered by the license violates municipal or county zoning regulations. The Division of Beverage may disapprove an application for the issuance of a liquor vendor's license if the location of the place of business to be covered by the license violates the provisions of a special law of the Legislature establishing distance limitations between liquor vendors and churches and schools. The division may disapprove an application for a liquor vendor's license for consumption on the premises, but not one for consumption off the premises, which is not accompanied by a certificate of compliance with sanitary requirements of the state from the Department of Health and Rehabilitative Services or the appropriate county health department. AS TO QUESTION 1: Since a liquor vendor is licensed "to sell alcoholic beverages," s. 561.14(3), F. S., and each license application must describe the location of the place of business "where such beverage may be sold," s. 562.06, F. S., the Beverage Law, Chs. 561-568, F. S., appears to contemplate that liquor vendors' licenses should not be issued to persons who are otherwise precluded from selling alcoholic beverages at the location sought to be licensed. In this regard, this office concluded in AGO's 074-319 and 076-40 that, notwithstanding the deletion of s. 561.44, F. S. 1971, from the Beverage Law by Ch. 72-230, Laws of Florida, municipalities continue to possess general authority pursuant to s. 562.45(2), F. S., and s. 168.07, F. S. 1971, as preserved in effect by s. 166.042(1), F. S., to regulate the location of liquor vendors' places of business within municipal boundaries. See also s. 125.01(1)(h) and (o), F. S., with respect to the authority of counties in this respect. Thus, it appears that the Division of Beverage should not issue a liquor vendor's license, s. 561.19, F. S., or approve the transfer of a liquor vendor's license, s. 561.32, F. S., if municipal or county zoning restrictions preclude the sale of liquor at the location sought to be licensed. To conclude otherwise would lead to the anomalous situation in which a prospective liquor vendor may be prohibited by municipal or county zoning regulations from operating his place of business at a certain location, but may not be denied a liquor vendor's license on that ground by the Division of Beverage. See City of St. Petersburg v. Siebold, 48 So.2d 291,294 (Fla. 1950), in which it was stated that a statutory interpretation avoiding absurdity is always preferred. Your first question is answered in the affirmative. AS TO QUESTION 2: Consistent with the discussion under question 1, I am of the opinion that the Division of Beverage may disapprove an application for a liquor vendor's license on the ground that the location of the place of business to be covered by the license violates the provisions of a special act of the Legislature establishing distance limitations between liquor vendors and churches and schools. See 53 C.J.S. Licenses s. 28, in which the general rule is stated that a business prohibited by law cannot properly be licensed. Your second question is answered in the affirmative. AS TO QUESTION 3: Section 561.17(2), F. S., expressly provides that: All applications for alcoholic beverage licenses for consumption on the premises shall be accompanied by a certificate of the [Department of Health and Rehabilitative Services] or the county health department that the place of business wherein the business is to be conducted meets all of the sanitary requirements of the state. (Emphasis supplied.) Thus, it is clear that an application for alcoholic beverage licenses for consumption on the premises is not complete or proper, and, therefore, may be disapproved if not accompanied by a certificate of compliance with sanitary requirements of the state from the Department of Health and Rehabilitative Services or the appropriate county health department. See also s. 561.32, F. S., requiring, inter alia, that applications for transfers of license "shall be approved by the division in accord with the same procedure provided for in ss. 561.17, 561.18 and 561.19, in the case of issuance of new licenses." However, I find no authority for the Division of Beverage to extend this certificate requirement to all applications for a liquor license, or the transfer thereof, and must, therefore, conclude that the division may not do so. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), for the rule of statutory construction that the express mention of one thing is the exclusion of another expressio unius est exclusio alterius; cf. s. 561.29(1)(d), F. S., providing that the Division of Beverage may revoke or suspend the license of any liquor vendor for "[m]aintaining licensed premises that are unsanitary, or are not approved as sanitary by the county board of health or the [Department of Health and Rehabilitative Services] having jurisdiction thereof." (Emphasis supplied.)