Honorable Wayne G. Weeks, C.F.A. Clay County Property Appraiser
QUESTION: Does the 10-year limitation on the period during which a renewable energy source device exemption may be granted pursuant to s. 196.175, F.S., begin on the date of installation and operation or the date of application for the exemption?
SUMMARY: Section 196.175, F.S., contemplates that an exemption for a renewable energy source device is granted from the date the device is operative in the twelve months prior to January 1 of the year of application for the exemption. Application for the exemption, therefore, triggers the start of the 10-year exemption period from the date the device was operative in the preceding year.
You state that the Clay County Property Appraiser's Office did not start accepting applications for exemptions for renewable energy source devices until 1984. In light of there being devices which were installed and operative prior to 1984, the question has arisen whether the 10-year limitation on the grant of the exemption under s. 196.175, F.S., begins to run from the date of installation or the date of application.
Section 196.175, F.S., implements the constitutional provision for an exemption from ad valorem taxation of real property upon which a renewable energy source device is installed and operated.[1]
The exemption, however, may not be granted for a period of more than ten years, nor may it be granted for renewable energy source devices installed before January 1, 1980, or after December 31, 1990.[2] Section 196.175(2), F.S., states:
 The exempt amount authorized under subsection (1) shall apply in full if the device was installed and operative throughout the 12-month period preceding January 1 of the year of application for this exemption. If the device was operative for a portion of that period, the exempt amount authorized under this section shall be reduced proportionally.
An applicant for the exemption must affirmatively demonstrate to the satisfaction of the property appraiser that the requirements for the exemption have been met. Further, the applicant must show that the original cost of the device pursuant to and the period for which the device was operative, as indicated on the exemption application, are correct.[3]
The plain language of the statute indicates that the exemption is granted from the date the renewable energy source device was operative during the twelve months prior to January 1 of the year of application for the exemption.[4] The time during the preceding year which the device is operative, therefore, is determinative of whether the exemption will be granted in part or in full for that year.
The pertinent limitations on granting the exemption in the statute appear to be that the device be installed and operated on the real property eligible for the exemption, that the exemption be for no more than ten years, and that the exemption not be granted for devices installed prior to January 1, 1980, or after December 31, 1990.[5] There is nothing on its face or in the legislative history of s. 196.175, F.S., to indicate that the 10-year period allowable for the exemption begins to run from the initial date of installation and operation.[6] Moreover, there is no requirement in the statute that application for the exemption be made in the year following the year in which a device is installed in order to benefit from the exemption for up to ten years.
It is my opinion, therefore, that the 10-year period of limitation on the grant of an exemption pursuant to s. 196.175, F.S., begins on the date the renewable energy source device is operative during the twelve months preceding January 1 of the year in which application for the exemption is made.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 3(d), Art. VII, State Const., stating:
By general law and subject to conditions specified therein, there may be granted an ad valorem tax exemption to a renewable energy source device and to real property on which such device is installed and operated, to the value fixed by general law not to exceed the original cost of the device, and for the period of time fixed by general law not to exceed ten years.
[2] See, s. 196.175(4), F.S.
[3] See, s. 196.175(3), F.S.
[4] See, Reino v. State, 352 So.2d 853, 860 (Fla. 1977), and State v. Egan, 287 So.2d 1, 4 (Fla. 1973) (where the language of a statute is unambiguous, the legislative intent is found in the words used without further application of incidental rules of construction).
[5] See also, s. 196.012(14), F.S., providing in part that a "[r]enewable energy source device" also means certain heat pumps with specified energy ratings, waste heat recovery systems, or water heating systems with dedicated heat sources, provided the device is installed in a structure substantially complete before January 1, 1985.
[6] To read the statute to mean that the act of installation must occur in the same year as the device is operated in order to qualify for the exemption, would lead to the absurd result of requiring that the device be reinstalled each year for which the exemption is sought. See, City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla. 1950) (statute should not be interpreted to lead to an unreasonable or absurd result) and AGO 44-81, Biennial Report of the Attorney General, 1943-44, p. 488 (strong presumption against absurdity in statutory language).And see, Senate Staff Analysis, Economic, Consumer and Community Affairs, June 17, 1980.