Dear Mr. Steinfeld:
As City Attorney for the City of Margate, you have asked for my opinion on substantially the following question:
Is the City of Margate authorized by section 112.0801(1), Florida Statutes, to offer retiring employees a one-time opportunity to participate in the city's employee group health and life insurance program without allowing those retirees who have dropped participation in the city's insurance program another opportunity to participate in that program in the future?
According to your letter, the City of Margate is planning to offer its retiring employees a one-time opportunity to participate in the city's employee group health and life insurance program. Retiring employees electing to participate will be required to respond affirmatively in writing no later than 30 calendar days after the effective date of their termination from city employment. In the event that a retired employee elects to continue to participate in the city's employee group health and life insurance program and subsequently drops participation in that program, he or she will not be offered another opportunity to participate in the insurance program in the future. You ask whether this plan satisfies the requirements of section 112.0801(1), Florida Statutes.
Section 112.0801, Florida Statutes, requires a public agency that provides life, health, accident, hospitalization, or annuity insurance for its officers and employees through a group insurance plan or self-insurance plan to allow all former personnel who have retired, the option of continuing to participate in the group insurance or self-insurance plan. The statute states that "[r]etirees and their eligible dependents shall be offered the same health and hospitalization insurance coverage as is offered to active employees at a premium cost of no more than the premium cost applicable to active employees."[1]
For purposes of this section, a "retiree" is:
"[A]ny officer or employee who retires under a state retirement system or a state optional annuity or retirement program or is placed on disability retirement and who begins receiving retirement benefits immediately after retirement from employment. In addition to these requirements, any officer or employee who retires under the Public Employee Optional Retirement Program established under part II of chapter 121 shall be considered a "retired officer or employee" or "retiree" as used in this section if he or she:
(a) Meets the age and service requirements to qualify for normal retirement as set forth in s. 121.021(29); or
(b) Has attained the age specified by s. 72(t)(2)(A)(i) of the Internal Revenue Code[2] and has 6 years of creditable service."[3]
An examination of the legislative history of section 112.0801, Florida Statutes, and its amendments indicates that the statute was adopted in an effort to address rising insurance costs for retirees from Florida public service and their eligible dependents.[4] The title of the 1987 amendment to the statute recognizes that this legislation was enacted to "requir[e] state agencies to allow retired employees or their dependents to participate in the agency's group insurance programs or self-insurance plans; [and to] requir[e] such retirees or their dependents to be offered the same health insurance coverage that is offered to active employees and at the same cost[.]"[5] While this particular amendment was directed at state employees and retirees, the same purpose would apply to local governmental agencies.
In determining the meaning of a statute, the primary consideration is to give effect to the intent of the Legislature.[6] Where the legislative intent is clearly manifest by the language used, a court will not look behind the statute's plain language for legislative intent.[7]
The language of the statute clearly indicates a legislative intent to give retirees and their eligible dependents the option of continuing in the public agency's insurance plan. However, the statute only requires that health and hospitalization insurance be offered at the same premium cost as that of active employees of the public agency. While nothing prohibits the public agency from offering its retirees and their eligible dependents continued coverage at the same premium as active employees for types of insurance coverage other than health and hospitalization, section 112.0801, Florida Statutes, does not require the public agency to do so.
Moreover, section 112.0801, Florida Statutes, provides that for the retired employees and their eligible dependents, the cost of any continued participation in any type of plan, or any part thereof, may be paid by the employer or by the retired employees. Thus, this office has stated that while a local governmental entity may pay the costs, or a portion thereof, of the continued insurance coverage for its retirees and eligible dependents, it is not required to do so.[8]
Section 112.0801, Florida Statutes, was amended in 1987 to add state agencies and special districts to the list of governmental entities within the scope of the statute. As amended by Chapter 87-373, Laws of Florida, the statute included a date certain limitation for retired employees to accept or reject participation in their former employer's group insurance plan. Section 2, Chapter 87-373, Laws of Florida, provides:
"Notwithstanding any previous rejection or cancellation of participation in any group insurance plan or self-insurance plan provided under s. 110.123 or s. 112.0808, Florida Statutes, participation in such insurance plan shall be offered, beginning October 1, 1987, to all former employees who retired prior to October 1, 1987, as well as those employees who retire on or after such date, and the eligible dependents of such employees and former employees. Accordingly, all employers who provide insurance coverage under s. 110.123 or s.112.0801, Florida Statutes, shall, before October 1, 1987, notify all previously retired former personnel or their eligible dependents in writing of their eligibiity to participate in the same group insurance plan or self-insurance plan, as provided in s. 110.123 or s. 112.0801, Florida Statutes. Such previously retired personnel or their eligible dependents shall have until December 31, 1987, to, in writing, accept or reject participation in their former employer's group insurance plan or self-insurance plan." (e.s.)
Thus, the Legislature itself imposed a time limitation on the acceptance or rejection of participation in the plan by those employees who had previously retired, but were being offered a one-time offer to renew their participation.
In light of what appears to be a recognition by the Legislature that imposition of a date certain limitation is acceptable for actuarial and administrative purposes, it would appear that a local government would not be precluded from including such a limitation in its plan. In Florida, a municipality is given broad authority to enact ordinances under its municipal home rule powers.[9] Under those broad home rule powers, a municipality may legislate concurrently with the Legislature on any subject which has not been expressly preempted to the State.[10]
Therefore, it is my opinion that the City of Margate is authorized by section 112.0801(1), Florida Statutes, to offer retiring employees a one-time opportunity to participate in the city's employee group health and life insurance program without allowing those retirees who subsequently reject participation in the city's insurance program another opportunity to renew their participation in that program in the future.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 112.0801(1), Fla. Stat.
[2] Section 72(t)(2)(A)(i), Internal Revenue Code, provides:
"(t) 10-percent additional tax on early distributions from qualified retirement plans
(1) Imposition of additional tax
If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c) [26 USCS § 4974(c)]), the taxpayer's tax under this chapter [26 USCS §§ 1 et seq.] for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.
(2) Subsection not to apply to certain distributions
Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:
(A) In general
Distributions which are —
(i) made on or after the date on which the employee attains age 59½[.]"
[3] Section 112.0801(2), Fla. Stat.
[4] See Legislative Analysis of SB 399, dated April 3, 1987. Andsee Staff Analysis on CS/CS/HB 381 (companion bill to SB 399), Retirement, Personnel Collective Bargaining Committee, House of Representatives, dated June 15, 1987; Tape, Committee on Personnel, Retirement and Collective Bargaining, Florida Senate, dated April 22, 1987. See generally, Op. Att'y Gen. Fla. 96-06 (1996), tracing the history of s. 112.0801, Fla. Stat.
[5] See Title, Ch. 87-373, Laws of Fla.
[6] See, e.g., City of St. Petersburg v. Siebold, 48 So. 2d 291 (Fla. 1950).
[7] See, e.g., In re McCollam, 612 So. 2d 572, 573 (Fla. 1993);Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984); Clark v. Kreidt,199 So. 333 (Fla. 1940).
[8] See Op. Att'y Gen. Fla. 96-06 (1996) (s. 112.0801, Fla. Stat., authorizes, but does not require, a district school board to pay the cost of health and hospitalization insurance for a retired school board member and his or her eligible dependents). Cf., Op. Att'y Gen. Fla. 91-43 (1991) (s. 112.0801 requiring special district to offer retired employees and their eligible dependents participation in district's group insurance or self-insurance plan, does not apply to all former personnel of district, but only to former personnel who have retired under district's retirement plan).
[9] Article VIII, s. 2(b), Fla. Const.; s. 166.021(1), (3)(c), and (4), Fla. Stat.
[10] Wyche v. State, 619 So. 2d 231, 237-38 (Fla. 1993), citingCity of Miami Beach v. Rocio Corporation, 404 So. 2d 1066, 1069 (Fla. 3d DCA 1981).